Henry Croll, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dorr-Oliver, Inc., Respondents.

Dorr-Oliver, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Henry Croll, Respondents.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Thomas L. Kennedy,* with him *Kennedy, Carlyon, & Conahan,* for Henry Croll,

*John E. Domalakes,* with him *Rubright, Domalakes, Troy & Miller,* for Dorr-Oliver, Inc.

OPINION BY JUDGE WILKINSON, JR., April 14, 1980:
Henry Croll (claimant) had been a drill press and lathe operator from 1956 until 1975 at a plant operated by Dorr-Oliver, Inc. (employer), a manufacturer of filtration equipment. On September 8, 1977, the claimant applied for workmen's compensation benefits for total and permanent disability as a result of silicosis, as provided for by Section 108(k) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(k). He alleged that he had contracted silicosis from his continuous exposure to silica dust at his place of employment. Several hearings were held at which both the claimant and his employer produced testimony as to the existence of a silica hazard at the plant. The employer's attorney requested that the referee appoint an independent

expert to conduct an examination of the plant for the existence of a silica hazard, but the request was denied and the claimant was found to be totally disabled by silicosis as a result of his exposure at work to silicon dioxide. The employer then appealed the referee's decision to the Workmen's Compensation Board (Board), asking that the Board either reverse the referee's decision or appoint an independent expert to conduct tests on the plant premises.

The Board consolidated this case with those of three other claimants whose petitions for compensation for disability from silicosis resulting from exposure at the same plant had been denied by a different referee. The witnesses who testified on the issue of the presence of a hazard were the same for all four cases, and the employer's request for an independent expert was made at each case. After reviewing the testimony presented at the case of claimant Croll, as well as the other three cases which had been consolidated with this case, the Board concluded that the records of all four cases indicated that the question of fact as to whether the claimants were exposed to a silica hazard at work had not been adequately resolved. The Board set aside the determination of the referee in each case and ordered the remand of all four cases to a referee "for an appointment of an impartial expert with sufficient expertise to determine specifically in the work areas of the claimants, during the periods that they worked, whether there was a silica hazard, and whether . . . there was exposure to any hazard of any other occupational disease."

From that order both the claimant and his employer filed petitions for review to this Court, arguing that the Board had incorrectly remanded the case in light of the evidence already in the record. A motion to quash claimant's appeal was then filed by

the employer. Consideration of the motion to quash was reserved until time of oral argument.

An order of the Board which remands a case to a referee is interlocutory, and an appeal from such an order will be quashed.

Further, it is clear that the consolidated record involving four cases contained inconsistent findings of fact. We share the Board's dissatisfaction with the inconsistent resolution of the question of the silica hazard in the employer's plant. This is not a case where the remand order is so clearly and undeniably in error so as to render the Board's order appealable. *Neville Cement Products Co. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 79, 394 A.2d 1087 (1978). Therefore, we must quash the appeals.

Accordingly, we will enter the following

ORDER

AND Now, April 14, 1980, the cross appeals of Henry Croll and Dorr-Oliver, Inc. at Docket No. A-76289, dated June 13, 1979, are quashed.