Dorr-Oliver, Inc., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Willard G. Kay, Respondents.

Dorr-Oliver, Inc., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Andrew Resuta, Respondents.

Dorr-Oliver, Inc., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Michael Pesta, Respondents.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*John E. Domalakes,* with him *Rubright, Domalakes, Troy & Miller,* for petitioner.

*Bart E. Ecker,* with him *Laputka, Bayless, Ecker & Cohn,* P.C., for respondents.

OPINION BY JUDGE WILKINSON, JR., April 14, 1980:
The Court has before it the appeals of Dorr-Oliver, Inc. (employer) from an order of the Workmen's Compensation Appeal Board remanding to a referee. All three claimants allege total disability as a result of silicosis as provided by Section 108(k) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(k).

These three cases were heard separately but before the same referee. In each case employer prevailed. Each claimant appealed and the Board consolidated these three appeals with the workmen's compensation claim of another former employee of employer in which that claimant had prevailed. That other claim is also before this Court on cross appeals from the same Board remand order. *Croll v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 483, A.2d (1980).

For the reasons stated in *Croll, id.* we quash this interlocutory appeal.

492

### ORDER

AND Now, April 14, 1980, the appeals of Dorr-Oliver, Inc. from the Workmen's Compensation Appeal Board order of June 13, 1979 with regard to the claims of Williard G. Kay, Andrew Resuta and Michael Pesta at Docket Nos. A-76265, A-76266, and A-76267 are quashed.