511 A.2d 1311

**Evelyn CROLL, Widow of Henry Croll, Deceased**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DORR–OLIVER, INC.).**

**Willard KAY, Andrew Resuta and Michael Pesta**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DORR–OLIVER, INC.)**

**Appeal of DORR–OLIVER, INC.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 1985.

Decided June 20, 1986.

John E. Domalakes, Frackville, for appellant.

Thomas L. Kennedy, Hazleton, for Evelyn Croll.

Bartel E. Ecker, Hazleton, for Willard Kay, Andrew Resuta & Michael Pesta.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

This is an appeal by a single employer, Dorr-Oliver, Inc., from two orders of Commonwealth Court reversing the Workmen's Compensation Appeal Board ("Board"). The Board affirmed a referee's denial of compensation benefits to all four individual appellees. In one order, Commonwealth Court reinstated benefits awarded appellee Croll by an earlier referee. In the other, Commonwealth Court remanded the cases of Kay, Resuta and Pesta to the Board

for further appellate review of an earlier referee's denial. All these cases had been consolidated previously by the Board and remanded to a third referee with directions to appoint an impartial expert to testify on the issue of whether appellees' single place of employment had a silica hazard.[1] All four cases involve the same workplace and the same factual issue with respect to the presence there of a silica hazard.

Despite the inconsistent results reached by the first two referees, Commonwealth Court first held the Board acted beyond its appellate power in initially remanding the cases for impartial testimony on the hazard issue and reinstated the benefits the first referee awarded Croll. In contradiction of the reason for its holding, however, it then remanded the cases in which the referee had denied Kay, Resuta and Pesta benefits for further consideration by the Board in its appellate role. Because we believe the Board has the power to attempt to reconcile the inconsistent results on the record in these cases by directing impartial testimony and assigning all of the cases to a single referee, we reverse Commonwealth Court. With respect to Kay, Resuta and Pesta, we note that a denial of the Board's remand power on these facts requires a reinstatement of the decision against the parties with the burden of proof, denying them benefits entered by the referee who first heard their case. A denial of Board power to remand would leave us with an award of benefits to Croll and an inconsistent denial to Kay, Resuta and Pesta, which can sometimes result from the differing ways individual factfinders view evidence, *see Universal Cyclops, Inc. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973), but one which it seems to us the Board wisely sought to avoid on this record involving four employees in the same workplace

1. Appeals from the Board's order by appellee Croll in his case and appellant Dorr-Oliver in the other three were quashed as interlocutory. *Croll v. Workmen's Compensation Appeal Board,* 50 Pa.Commonwealth Ct. 483, 413 A.2d 439 (1980); *Dorr-Oliver, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa.Commonwealth Ct. 490, 413 A.2d 441 (1980).

who relied on the same evidence, only to get different results.

Croll, Kay, Resuta and Pesta all worked for appellant, Dorr-Oliver, Inc. Each filed claims under Section 108(k) of the Workmen's Compensation Appeal Act, Act of June 2, 1915, P.L. 736, *as amended by* the Act of October 17, 1972, P.L. 930, 77 P.S. § 27.1(k) ("Act").[2] All four cases were assigned to Referee Ecker. However, because Referee Ecker's son was representing Kay, Resuta and Pesta, the Bureau of Workers' Compensation routinely reassigned these three to a different referee, Referee Piccone, leaving the Croll case with Referee Ecker. All four claimants presented the same expert testimony concerning the existence of a silica hazard in their workplace which they claimed caused silicosis. Referee Ecker resolved the conflicting testimony in favor of Croll and awarded him benefits. Referee Piccone resolved the conflicts in favor of Dorr-Oliver and, consequently, denied the other applications for benefits.

Kay, Resuta and Pesta appealed to the Workmen's Compensation Appeal Board ("Board") from the denial of their applications, and Dorr-Oliver appealed to the Board from the decision to award benefits to Croll. Looking at these inconsistent results, the Board consolidated the cases. It then reviewed them together and remanded for appointment of an impartial expert and a hearing before a new referee because the existence of a silica hazard was not "adequately resolved," apparently due to the conflicting conclusions of the two original referees. This remand gave Kay, Resuta and Pesta a second opportunity to attempt to prove the existence of a silica hazard; it gave Croll an opportunity to clear up a possible defect in the findings awarding him

2. Section 108 provides:
   The term "occupational disease," as used in this Act, shall mean only the following diseases:
   . . . .
   (k) Silicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide.
   Hereafter, all section references, unless otherwise indicated, are to this Act, *as amended.*

benefits.[3]  Dorr-Oliver also received an opportunity to get a consistent decision on whether there was a silica hazard at its plant.  Croll and Dorr-Oliver appealed these decisions to Commonwealth Court, Croll to protect his benefits and Dorr-Oliver to protect the referee's decisions which had absolved it of liability in three of the four cases.  That court quashed both appeals as interlocutory.  *Croll v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 483, 413 A.2d 439 (1980); *Dorr-Oliver, Inc. v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 490, 413 A.2d 441 (1980).

After Commonwealth Court quashed these appeals, the four cases went back to a third referee, Referee Rapkin. He heard evidence from a new impartial expert appointed at the Board's request by the Bureau of Workers' Compensation.  In so doing, the Board apparently sought to avoid the result of awarding benefits to one claimant and denying them to three others on the same facts.  On remand, the impartial expert testified that there was no silica hazard in the place where all four worked.  Referee Rapkin, accepting his opinion that there was no hazard, denied all four applications for benefits.  This decision was appealed[4] to the Board, which affirmed.[5]

■ Commonwealth Court then reversed the Board on Croll's claim and awarded him the benefits awarded by the

3.  Referee Ecker, while awarding benefits to Croll, did not specifically find a silica hazard but instead found an "industrial hazard."  The only evidence presented, however, related to the presence of silica in the workplace.

4.  Croll died on September 17, 1982, after the hearing but before the referee made his decision.  His widow is now representing his interests.

5.  The Board stated in its opinion that its decision was made under the Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201–1601.  The case actually arose under the Workmen's Compensation Act.  The Board's mistake actually benefited the claimants, all of whom had now lost below, since the Board's exercise of its *de novo* review powers under the Occupational Disease Act gave the claimants an even broader review of the referee's adverse findings than they would have had under the Compensation Act.  *See infra* at — n. 6.

initial referee. At the same time that court remanded Kay, Resuta and Pesta's petitions for appellate review of the initial denial of benefits. We granted allocatur and now reverse Commonwealth Court, holding that the Board did have the power to remand these cases on this particular record and that the denial of benefits by the third referee must be affirmed because it was not based on an arbitrary or capricious disregard of competent evidence.

Prior to the 1972 amendments to the Act, the Board was the ultimate factfinder in workmen's compensation cases. The referees who took evidence on the claims were agents of the Board, and thus the Board could freely substitute its own findings for those of the referee. The 1972 amendments require the Board to accept the facts found by the referee unless they are not supported by competent evidence. Section 423, 77 P.S. § 854; *Universal Cyclops, Inc. v. Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973). Thus, the Board's function is now primarily appellate in nature. 2 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, § 6.24(5).

However, even after the 1972 amendments, the Board retains some factfinding powers. We stated in *Borovich v. Colt Industries*, 492 Pa. 372, 424 A.2d 1237 (1981), that:

> [E]ven with [the limitations imposed by the 1972 amendments] the Board's power to be the arbitrator of the facts is virtually plenary since its decision to take additional testimony does not appear to be restrained.

92 Pa. at 376 n. 4, 424 A.2d at 1239 n. 4. We believe that in the particular factual situation presented here the Board's decision to remand for impartial expert testimony was appropriate.

The Act's overriding purpose is remedial, *to provide adequate* compensation for injured workers. 2 A. Barbieri, *supra*, at § 6.20(1). Proceedings under the Act are designed to further this goal, and the Board's remand of all four of these claims to a new referee is wholly consistent with that purpose. Kay, Resuta and Pesta were given a second chance at proving their entitlement to the same

benefits one referee denied them but which another had awarded to Croll on the same facts. The remand was designed to remove a flagrant appearance of injustice by providing a vehicle to reconcile inconsistent results in virtually identical pending cases.

This is not to say that the Board has a general power to consolidate and remand cases when it feels there is an inconsistency among their individual results. In this case, the Board's power to consolidate the cases exists because of the identical nature of the evidence relating to the existence of a silica hazard in appellant's workplace and because the claimants worked there at approximately the same time. The Board, after this consolidation, noted that while one referee believed the expert who stated that there was a silica hazard, the other referee believed the other expert who said that there was no such hazard. The Board was not attempting to review the credibility of the expert witnesses; rather, it was trying to resolve an inconsistency as to whether a silica hazard did in fact exist.

In *Borovich, supra,* we stated that the Board had the power to remand cases for more evidence when the findings were only arguably inconsistent. The referee found that Borovich was disabled by emphysema and *cor pulmonale* but refused to award benefits because there was no underlying pneumoconiosis. The Board ordered the remand because the referee did not consider whether emphysema by itself was compensable as an occupational disease under the Act. There, the inconsistency was the finding of disability without the corresponding award of benefits.

■ We affirmed the remand as in accord with one of the standards governing the narrow scope of review when the decision is against the party with the burden of proof, *viz.* whether the findings are "internally" consistent. *Jasper v. Workmen's Compensation Appeal Board,* 498 Pa. 263, 445 A.2d 1212 (1982); *Roadway Express v. Workmen's Compensation Appeal Board,* 54 Pa.Commonwealth Ct. 169, 420 A.2d 774 (1980). An internal inconsistency which supports remand in cases when the scope of review is most

circumscribed will also support remand when the scope is broadened to substantial evidence where the decision favors the party with the burden. Otherwise, a court would be helpless to seek correction of inconsistencies in the latter case.

Although this case did not involve an internal inconsistency, when the entire record in all four cases was reviewed by the Board, there was an inconsistency of result on the same evidence. Thus, it seems to us the Board here properly exercised its appellate function as well as its function of supervising the administrative process when it remanded for further proceedings to reconcile the result in cases which depended on precisely the same factual foundations and were before it at the same time.

Because the Board's original remand order was appropriate, the facts before both appellate bodies, the Board and Commonwealth Court, were those found by Referee Rapkin, the referee who considered the case on remand from the Board. He denied benefits to all four claimants after hearing evidence from an impartial expert which showed the silica levels in the workplace common to all four claimants did not constitute a silica hazard and that therefore compensation could not be awarded.[6] Thus, the referee's decision must stand.

The order of Commonwealth Court is reversed.

**6.** Commonwealth Court justified its reversal of the Board in part by noting that the Board believed it was reviewing a case filed under the Occupational Disease Act. The Board's misconception was not present in the first instance, when it remanded the cases, but only on its second review. Its remand was not based on this misconception but on the inconsistent results. The Board's mistaken review of Referee Rapkin's findings was *de novo* under the standards for review in the Disease Act. The appropriate standard governing review of a denial of benefits in compensation cases, however, is whether there was an arbitrary or capricious disregard of competent evidence, a standard less beneficial to these claimants than the *de novo* review the Board incorrectly exercised. It is evident, therefore, that had the Board exercised its proper limited review it would have affirmed the decision of the referee. Thus, there is no purpose in sending this case to the Board for a third time because it has already reviewed the record in more detail than necessary. It is on similar reasoning that appellees Kay, Pesta and Resuta's argument that they were denied the

ZAPPALA, J., joins the majority opinion and files a concurring opinion in which NIX, C.J., and McDERMOTT, J., join.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

ZAPPALA, Justice, concurring.

While I join in the majority opinion, I am compelled to write separately to clarify the review powers of the Board. Under Section 423 of the Act, 77 P.S. § 854, "... the board may disregard the findings of fact of the referee if not supported by competent evidence *and if it deem proper may hear other evidence, ....*" (emphasis added). Since the Board may hear "other evidence", it logically follows that the Board may appoint an impartial expert to give evidence regarding a relevant issue. Accordingly, under the facts of this case, I see no error in the action of the Board in remanding the matter to a new referee and appointing an impartial expert.

NIX, C.J., and McDERMOTT, J., join in this concurring opinion.

LARSEN, Justice, dissenting.

I dissent. As the original record supported awarding benefits to Henry Croll (now to Evelyn Croll, his widow), I

benefit of the Section 301(e), 77 P.S. § 413, presumption that their disease arose out of their employment need not be addressed further. The referee took this presumption into account in each of the four claims before him:

When a claimant testifies that he was exposed to a silica hazard or when a claimant shows that he was employed in an occupation or industry in which there exists a silica hazard, great weight must be accorded to that testimony, and the burden that a defendant bears in overcoming that testimony is a large one. In the case at bar, the defendant has shown by clear and convincing evidence that the claimant's evidence regarding a silica hazard at Dorr-Oliver is not credible and cannot be accepted.

Finding of Fact 20, *Croll v. Dorr-Oliver, Inc.* (1/10/83). Accord, Finding of Fact 17, *Kay v. Dorr-Oliver, Inc.* (1/10/83); Finding of Fact 17, *Pesta v. Dorr-Oliver, Inc.* (1/12/83); Finding of Fact 20, *Resuta v. Dorr-Oliver, Inc.* (1/12/83).

would affirm the original award of benefits. To remand, when there was no intrinsic error in the prior proceedings for the purpose of giving the employer a second opportunity to litigate the matter, violated Croll's due process rights.

PAPADAKOS, J., joins in this dissenting opinion.