612 A.2d 434

BETHENERGY MINES, INC., Appellant,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (SKIRPAN), Appellee.

Herman STRUBE

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(CONSOLIDATION COAL COMPANY).

Appeal of CONSOLIDATION COAL COMPANY.

Supreme Court of Pennsylvania.

Argued March 11, 1992.

Decided June 17, 1992.

Reargument Denied Oct. 15, 1992.

288

Stephen I. Richman, Daniel J. Iler, Ceisler, Richman, Smith Law Firm, Washington, for appellants.

John J. Bagnato, Johnstown, for Barnes & Tucker Co., Pennsylvania Mines Corp. and Pennsylvania Nat. Ins. Co., for amicus curiae.

Thomas Bond, Marshall, Denneby, Warner, Coleman & Goggin, Philadelphia, for Pennsylvania Defense Institute.

Brian D. Pedrow, Carol A. Mager, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, for Pennsylvania Chamber of Business and Industry.

Henry Ingram, Poughkeepsie, for Pennsylvania Coal Ass'n.

Jerome H. Gerber, Irwin W. Aronson, Handler, Gerber, Johnston & Aronson, Camp Hill, for AFL–CIO.

Lawrence R. Chaban, Benjamin L. Costello, Yablonski, Costello, Leckie & Chaban, Washington, for Skirpan.

John McIlvaine, Washington, for Henry Strube.

Norman R. Haigh, Secretary Workmen's Compensation Appeal Bd.

Sandra Christianson, Susan Shinkman, Harrisburg, Amicus for Department of Labor & Industry.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an *en banc* order of the Commonwealth Court which was entered in two work-

men's compensation cases. The cases were consolidated for argument before the Commonwealth Court because they involved a common issue, to wit, the standard of review applicable to workmen's compensation decisions. At issue is whether the Commonwealth Court applied the proper standard of review.

The standard of review applicable to such cases has already been firmly established by this Court. Inasmuch as the decision below was in accord with that standard, we affirm. The factual background of the cases is as follows.

### Skirpan Case

Joseph Skirpan was employed in the coal mining industry for thirty years, working for the appellant, Bethenergy Mines, Inc. (Bethenergy). Following his death, his widow filed a claim for death benefits. The claim was granted by a referee. The referee relied upon deposition testimony given by claimant's expert medical witness, Dr. Joshua Perper, who concluded that Skirpan suffered from coal worker's pneumoconiosis or anthracosilicosis which arose from workplace exposure to coal dust. Dr. Perper testified that this was a substantial contributing factor in Skirpan's death. Bethenergy presented extensive deposition testimony from medical experts who disagreed with Dr. Perper's opinion, but the referee found Dr. Perper's testimony to be more persuasive, and, accordingly, awarded benefits. An appeal was taken to the Workmen's Compensation Appeal Board (Board), whereupon the referee's decision was affirmed. An appeal was then taken to the Commonwealth Court. The Board's order was affirmed on the basis that the referee's decision was supported by substantial evidence.

### Strube Case

Herman Strube was employed as a coal miner for over forty years, working for the appellant, Consolidation Coal Co. (Consol). He filed a claim for disability benefits, alleging partial or total disability. The claim for total disability benefits was granted by a referee. The referee relied upon deposition

testimony given by claimant's expert medical witness, Dr. Nathan Alpern, who opined that Strube was totally and permanently disabled by coal worker's pneumoconiosis. Consol presented deposition testimony to the contrary from a number of other medical experts, but the referee expressly found that Dr. Alpern's testimony was "more credible" than that of Consol's witnesses. An appeal was taken to the Board, whereupon the referee's decision was reversed on the basis that the testimony from Consol's witnesses was "more substantial and equally as competent." The Commonwealth Court reversed, holding that the referee's finding was supported by substantial evidence and, thus, that it should not have been overturned by the Board.

Bethenergy and Consol contend that in both the Skirpan and Strube cases the referees erred in determining the existence and causes of the disabilities alleged. Specifically, they assert that, upon examination of the record as a whole, their evidence was more persuasive than that offered by the claimants, and, thus, that the referees' decisions were unreasonable. We do not agree.

■ The proper scope of inquiry is not whether, upon a reweighing of all of the evidence, the decision reached by a referee appears to have been the most reasonable and probable one that could have been rendered. Rather, judicial review is limited to a determination of whether the record contains substantial evidence that supports the referee's findings.

The Administrative Agency Law, which governs appeals taken by persons aggrieved by agency adjudications, provides that a reviewing court "shall affirm the adjudication unless it shall find that . . . any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." 2 Pa.C.S. § 704. Clearly, the reviewing court is not directed to inquire into the reasonableness of the agency's adjudication, but rather to determine only whether it was supported by substantial evidence. See *McGovern's Estate v. State Employees' Retirement Board,* 512 Pa. 377, 382–83, 517 A.2d 523, 525 (1986) (standard of review applicable

to agency adjudications is that set forth in 2 Pa.C.S. § 704 (substantial evidence)).

In *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 492 Pa. 1, 5, 421 A.2d 1060, 1062–63 (1980), we described the relevant standard:

> The standard of review of agency proceedings by appellate courts in this Commonwealth is the determination of whether there is substantial evidence to support the findings of the agency.... Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... Hence, appellate review must focus on whether there is rational support in the record, when reviewed as a whole, for the agency action. These principles have repeatedly been stated in another fashion: Review of the findings of fact is limited to the question of whether the lower court's findings are adequately supported by the evidence as a whole; credibility is solely an issue for the finder of fact; and findings of fact will be overturned only if they are arbitrary and capricious.

(Citations omitted). See also *Arena v. Packaging Systems Corp.*, 510 Pa. 34, 39, 507 A.2d 18, 21 (1986) (Board's adjudication must be affirmed if supported by substantial evidence).

■ Similarly, with respect to the review powers of the Board over decisions of referees, the Board's function is primarily appellate in nature. In cases such as the present one, where the Board has taken no additional testimony, the Board is required to accept the facts found by the referee if they are "supported by competent evidence." 77 P.S. § 854; *Croll v. Workmen's Compensation Appeal Board (Dorr-Oliver, Inc.)*, 511 Pa. 79, 84, 511 A.2d 1311, 1313 (1986). See also *Arena v. Packaging Systems Corp.*, 510 Pa. at 37 n. 2, 507 A.2d at 19 n. 2 (referee has ultimate fact-finding role in workmen's compensation cases); *Beebe v. Workmen's Compensation Appeal Board (Bendix Corp.)*, 112 Pa.Commw. 578, 581–82, 535 A.2d 1236, 1238 (1988) (ultimate fact finder in a workmen's compensation case is the referee, and the referee's

role is to assess credibility and resolve conflicts in the testimony).

In short, the appellate role is not to reweigh the evidence or to review the credibility of the witnesses. *Shinsky,* supra; *Croll,* supra. Rather, the Board or reviewing court must simply determine whether, upon consideration of the evidence as a whole, the referee's findings have the requisite measure of support in the record.

Applying these standards to the present cases, it is clear that the referees' decisions with regard to both the Skirpan and Strube claims were supported by substantial and competent evidence. The record contains ample expert medical testimony from Dr. Perper and Dr. Alpern, respectively, which supports the claims. Such evidence was what a "reasonable mind might accept as adequate," see *Skirpan,* supra, to support the referees' decisions. See also *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 275, 501 A.2d 1383, 1387 (1985) (substantial evidence is defined as what a reasonable mind might accept as adequate to support a conclusion). The facts that Bethenergy and Consol produced a greater number of witnesses, and that they assert that their witnesses were more credible, are not paramount. Evidence offered by the claimants was not rendered insubstantial by the mere fact that it was contradicted by evidence introduced by Bethenergy and Consol. Hence, the court below properly determined that the expert medical testimony adduced by the claimants provided the requisite basis for the referees' findings.

Bethenergy and Consol further contend that the Commonwealth Court held that referees are not required to give any reasons in support of their findings. This claim is patently without merit. Nowhere in the opinion of the Commonwealth Court is there any language that could be construed as indicating that referees need not state the reasons for their decisions. The Administrative Agency Law provides that every agency adjudication "shall contain findings and the reasons for the adjudication...." 2 Pa.C.S. § 507. Accord-

ingly, both of the present referees' decisions set forth the reasons for their findings in a manner that was fully adequate to permit effective review. The referees expressly described the evidence upon which they relied, and, insofar as conflicting evidence was concerned, rested their decisions upon the credibility of the prevailing evidence. There is no deficiency in the adequacy of the referees' stated rationales. Cf. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. at 273–74, 501 A.2d at 1387 ("[W]e will not impose on [these agencies] a requirement of redundant explanation.").

In short, the Commonwealth Court properly held that the referees' decisions in the Skirpan and Strube cases were supported by substantial and competent evidence. The contention of Bethenergy and Consol that an erroneous standard of review was applied by the Commonwealth Court is without merit.

Orders affirmed.

LARSEN, J. files a concurring opinion in which PAPADAKOS, J., joins.

LARSEN, Justice, concurring.

I concur in the result only. I believe the proper standard to be applied to appellate review of workmen's compensation cases is "competent evidence." The Pennsylvania Workmen's Compensation Act provides that: "In any such appeal the board may disregard the findings of fact of the referee *if not supported by competent evidence. . . .*" (emphasis added). Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* Act of March 29, 1972, P.L. 159, NO. 61, 77 P.S. § 854. The statute gives great authority to referees as fact-finders. Thus, I believe a higher standard set by the majority would usurp the referee's function as the ultimate fact-finder. Additionally, it would be anomalous to hold, as the majority does, that on appeal from a referee's decision, the Workmen's Compensation Appeal Board can reverse a referee's findings of fact only if those facts are not supported by competent evidence. But, on further appeal to

the Courts, the Courts can (per the majority) reverse, even if the referee's findings are supported by competent evidence, if the Courts find that the findings of fact are not supported by "substantial evidence." Thus, we have different standards of review at different stages of appeal. I find this untenable.

PAPADAKOS, J., joins this Concurring Opinion.