EDWIN L. HEIM COMPANY and PMA
Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (REEVER),
Respondent.

I.B. ABEL, INC., and Edwin L.
Heim Company, Petitioners,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (REEVER),
Respondent.

Commonwealth Court of Pennsylvania.

Argued April 6, 1995.
Decided Aug. 4, 1995.

Michael R. Bonshock, for petitioner Edwin L. Heim Co. and PMA Ins. Co.

Daniel J. Gallagher, for petitioner I.B. Abel, Inc.

Thomas E. Miller, for respondent.

Before PELLEGRINI and NEWMAN, JJ. and KELTON, Senior Judge.

NEWMAN, Judge.

Edwin L. Heim Company (Heim) and I.B. Abel, Inc. (Abel) (together, Employers) appeal by permission from an order of the Workmen's Compensation Appeal Board (Board) that reversed a referee's decision denying the claim and reinstatement petitions of Richard E. Reever (Claimant) and remanded the matter to the referee for the sole purpose of determining liability between Employers. We reverse.

Claimant, while working as an electrician for Heim, sustained a compensable back injury on January 15, 1988. A referee awarded him benefits from the date of his injury through February 1, 1988, when Claimant returned to his pre-injury position without restrictions.

On March 3, 1991, Claimant began his employment with Abel. Claimant worked there until April 8, 1991, when he again allegedly injured his back. Following the injury, Claimant did not return to his position with Abel.

On or about May 23, 1991, Claimant filed a claim petition against Abel, alleging that he sustained a work-related injury to his back on April 8, 1991. Claimant also filed a petition for reinstatement against Heim on the same date. In his reinstatement petition, Claimant asserted that his April 8, 1991 injury "may be" a recurrence of the back injury that he sustained on January 15, 1988 while working for Heim. Reproduced Record (R.R.) at 10a. Abel and Heim filed timely answers, denying the material allegations of Claimant's petitions. Both petitions were assigned to the same referee.

The referee subsequently held hearings, at which Claimant requested that the referee issue an order pursuant to Section 410 of The Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 751.[1] Claimant offered medical records in support of his request. Employers opposed the issuance of a Section 410 order and introduced into evidence medical records in opposition.

On December 10, 1991, the referee circulated an Interim/Interlocutory Order in which he found that Claimant suffered a work-related injury on April 8, 1991. The referee, therefore, directed Employers' insurance carriers each to pay fifty percent of Claimant's benefits and medical expenses. The referee's order specifically stated that it was not subject to appeal.

The referee subsequently held additional hearings and, upon consideration of the evidence presented, rendered a decision. Specifically, the referee found that Claimant was not credible and that his testimony that he suffered a work-related injury on April 8, 1991 was not persuasive or believable. The referee further found, based upon the medical testimony, that Claimant's condition was caused by "a long standing degenerative problem" that was unrelated to any injury that allegedly occurred during the course of his employment with either Abel or Heim. Referee's Decision of September 17, 1992, Finding of Fact No. 13. Accordingly, the referee dismissed both of Claimant's petitions.

Claimant appealed to the Board, and the Board reversed the referee's finding that Claimant did not suffer a work-related injury on April 8, 1991. The Board explained that the language of the Act leads to no other conclusion than that a Section 410 order may be issued only where a work-related injury has been finally determined and where the sole issue remaining is which employer or insurance carrier is liable for the claimant's work-related injury. The Board, therefore, reasoned that because the referee had previously issued a Section 410 order, the Act's language required it to conclude that Claimant suffered a work-related injury on April 8, 1991. The Board remanded the matter to the referee for the purpose of determining liability between Employers.

Both Employers filed a petition for rehearing and a request to amend the Board's order. On June 30, 1994, the Board denied Employers' petitions but certified the matter pursuant to Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), as one involving a controlling question of law that is subject to immediate appeal to this Court.[2]

---

1. Section 410 of the Act provides in pertinent part:

   Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier or two or more defendants or carriers, the referee of the department to whom the claim in such case is presented shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the department's referee or the board on appeal, render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.
   77 P.S. § 751.

2. Section 702(b) provides in pertinent part that:

   [w]hen a ... government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of

Employers then filed a petition for permission to appeal pursuant to Pa.R.A.P. 1311. By order dated August 18, 1994, this Court granted the petitions and consolidated the matters for consideration.

■ The sole issue presented on appeal is whether the Board erred in holding that the referee's Section 410 order constituted a final determination that Claimant suffered a work-related injury on April 8, 1991.[3]

As previously indicated, the Board reversed the referee's finding that Claimant's April 8, 1991 back injury was not work-related on the basis that the referee's Section 410 order constituted a final determination on the issue of work-relatedness. Employers assert, *inter alia,* that the Board's reasoning is flawed because Claimant failed to raise such argument on appeal to the Board, and therefore, the issue was waived.[4] According to Employer, the Board erred in addressing this issue *sua sponte.*

It is Claimant's position, however, that he properly preserved on appeal to the Board the inconsistency between the referee's Section 410 order and the referee's decision at the conclusion of the case. Specifically, Claimant points to the following language in his appeal from the referee's findings of fact and conclusions of law, which he filed with the Board:

> The sole issue is whether this disability arose from an aggravation of a pre-existing condition or constituted a recurrence. Therefore, the Referee's Conclusion that Claimant suffered no work-related injury while working for either Defendant is erro-

neous as a matter of law, since it fails to address the true issues in the case, and constitutes an arbitrary and capricious disregard of competent evidence pertaining to the real issues of the case.

Appeal from Referee's Findings of Fact and Conclusions of Law, dated September 30, 1992, at 7–8; R.R. at 33a–34a.

Contrary to Claimant's assertions, we do not believe that the cited language can be construed as a challenge to the referee's finding on the basis that the Section 410 order constituted a final determination on the issue of whether Claimant's injury was work-related. In addition, our review of the record reveals that Claimant did not otherwise preserve the issue in his detailed appeal documents to the Board.

■ The law is clear that failure to raise an issue on appeal to the Board constitutes a waiver of the issue. *See Fiorentino v. Workmen's Compensation Appeal Board (Concrete Industries, Inc.),* 131 Pa.Commonwealth Ct. 658, 571 A.2d 554 (1990) (the mere filing of an appeal does not preserve issues that are not specifically raised). *See also* 34 Pa.Code § 111.11(a)(2) (which states that "[g]eneral allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.") We, therefore, conclude that Claimant waived the issue on appeal to the Board and the Board's consideration of the issue was not proper.[5] As recognized by this Court in *Follett,* 122 Pa.Commonwealth Ct. at 68, 551 A.2d at 621, "[s]ua sponte consideration of an issue deprives counsel of the opportunity to brief and

---

law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order....
42 Pa.C.S. § 702(b).

**3.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd,* 531 Pa. 287, 612 A.2d 434 (1992).

**4.** Employers also assert that the referee's Section 410 order did not constitute a final decision regarding the work-relatedness of Claimant's in-

jury because the order was interlocutory and not subject to appeal. In addition, Employers maintain that the Board impermissibly substituted its credibility determinations for those made by the referee.

**5.** We note, however, that Employers' reliance on Pa.R.A.P. 1551(a) was misplaced because the Rules of Appellate Procedure do not govern appeals from the referee's decision to the Board. *Follett v. Workmen's Compensation Appeal Board (Massachusetts Mutual Life Insurance Co.),* 122 Pa.Commonwealth Ct. 58, 551 A.2d 616 (1988), *petition for allowance of appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989).

argue the issues and the Board of the benefit of counsel's advocacy." [6]

Accordingly, we reverse the Board's order.

### ORDER

AND NOW, August 4, 1995, we reverse the order of the Workmen's Compensation Appeal Board, dated June 30, 1994.

---

**6.** Given our disposition of this issue, we need not address Employers' remaining arguments.