**SPECIALTY RECORDS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SIMONS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 1997.
Decided March 4, 1997.

Matthew D. Dempsey, Scranton, for petitioner.

Roger Mattes, Jr., Scranton, for respondent.

Before DOYLE, PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Specialty Records (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) decision denying Employer's termination, modification and suspension petitions. We reverse and remand.

Nancy Simons (Claimant) suffered a work-related low back injury on September 7, 1989, and received benefits pursuant to a Notice of Compensation Payable. On September 30, 1992, Employer filed three petitions requesting termination, modification or suspension. Employer alleged that Claimant was released to return to work and that suitable work was available within her physical restrictions.

The three petitions were consolidated and hearings were held before a WCJ. Based upon the evidence submitted, the WCJ concluded that Employer had failed to carry its burden of proving that Claimant had fully recovered from her work-related injury; thus, the termination petition was dismissed. Although the WCJ concluded that Employer met its burden of proving that Claimant had been referred to numerous open positions within the occupational category for which she had received clearance, the WCJ also concluded that Claimant had proved that she followed through on the job referrals in good faith, but that no job offers were extended to her. As a result, the WCJ dismissed both the modification and suspension petitions, directing the continuation of temporary total disability benefits.

Employer appealed to the Board, alleging that the WCJ had failed to make findings of fact concerning Claimant's bad faith efforts, i.e., sabotage, with regard to a position with J & R Promotions (J & R). The Board quoted two findings of fact made by the WCJ relating to the J & R position, which Employer contended were not based on substantial evidence. The WCJ's two findings are as follows:

12. Lori Lesnesky, an employee of J & R Promotions, testified concerning the claimant's application for employment with J & R Promotions. Ms. Lesnesky testified that when claimant applied for the position at J & R Promotions, she told Ms. Lesnesky that "by the time I fill out the application you won't want to hire me. I cannot sit or stand for long at all." Ms. Lesnesky wrote claimant's comment in the right hand corner of claimant's employment application at the time of her interview for the position. Ms. Lesnesky also testified that she told the claimant twice to put on the application the hours she was willing to work and claimant did not do so.

. . . .

20. Claimant was referred to six (6) open positions by the vocational counselor, namely, the positions of customer service/telemarketer at Hess's Portrait Studio, customer service representative at the Scranton Times, front desk clerk at the Hotel Jermyn, optician at Crystal Vision Center, hostess at Rascal's Restaurant and apartment resident manager at Management Enterprises. *Claimant was referred to another position at J & R Promotions which was filled by the time claimant received notice of the position.*

(WCJ's decision, pp. 4–5.) (Emphasis added.) The Board indicated that it had reviewed the transcript and that at hearings on October 7, 1993 and July 8, 1993, Employer's counsel and the WCJ noted that the J & R position had been withdrawn from evidence by Employer. Because of this withdrawal, the Board concluded that whether or not the J & R position was filled by the time Claimant received notice of it was irrelevant. Accordingly, the Board dismissed Employer's appeal and affirmed the WCJ's decision.

On appeal,[1] Employer raises the following three issues for our review: (1) whether the

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensa-*

WCJ's findings of fact are contradictory and not supported by substantial evidence; (2) whether the Board incorrectly made additional findings of fact that contradict findings made by the WCJ; and (3) whether Claimant's actions constitute bad faith.

■ Employer argues that the WCJ's finding that the position with J & R was filled at the time of notice to Claimant is not supported by the record. An extensive review of the record reveals that the only reference to the fact that the J & R position may have been filled was submitted by Claimant in the affidavit of Joseph Rezesky, the owner of J & R. Employer objected to this evidence as hearsay and the WCJ made no reference to the affidavit in his findings of fact. No other evidence of record substantiates the WCJ's finding of fact that the position at J & R was filled. The deposition testimony of Ms. Lesnesky, the J & R employee deposed by Employer, does not shed light on this issue. Therefore, we conclude that under *Walker*[2] the statements in the affidavit cannot support a finding of fact without more. The application of the *Walker* rule requires us to conclude that the record lacks substantial evidence to support the WCJ's finding that the position at J & R was filled at the time Claimant received notice.

■ Employer next argues that the Board erred by making an additional finding not made by the WCJ that the J & R position had been withdrawn. Employer contends that that job, not an issue early in the litigation, was initially withdrawn, but was later made a part of the record. Our extensive review of the record reveals that Employer's contention is correct. The Board's decision cites the testimony at two hearings wherein the J & R job was noted as withdrawn; however, at a hearing on May 25, 1994, during the testimony of Claimant, the attorneys argued about Mr. Rezesky's affidavit. The

following exchange resulted in the inclusion of the J & R position:

> The Judge: ... Now, you want to pursue that job as being still available to her at that time she made an application and that she sabotaged the job? Or, do you want to let go of the indictment?
>
> Mr. Dempsey [Employer's counsel]: No. I'll put the job into evidence then. And then we'll ...

(Hearing, May 25, 1994, p. 54.)

> Mr. Dempsey: Well let's put the job into evidence and we'll take his [Mr. Rezesky] deposition and we'll find out.
>
> The Judge: The job is in evidence.

(Hearing, May 25, 1994, p. 57.) Mr. Dempsey appears to be indicating that he planned to take Mr. Rezesky's deposition; however, Ms. Lesnesky's deposition was apparently placed in evidence instead.

In light of this exchange at the May 25, 1994 hearing, the Board's statement that the job is not in evidence cannot stand. Where the Board has taken no additional testimony, it is required to accept the facts found by the WCJ if they are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). Additionally, the Board cannot make findings unless it concludes that the WCJ erred as a matter or law or made findings not based upon substantial evidence. *Id.*

Because the WCJ made no finding that the J & R job was not in evidence, but included in his decision the unsupported finding that the job was filled, it follows that the WCJ believed that the job was in evidence. The Board, because of the WCJ's error, could have made additional or different findings. However, the Board compounded the WCJ's error by concluding that the job was withdrawn and that the finding concerning

---

*tion Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

2. *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976). In *Walker*, this Court set forth the following guidelines concerning use of hearsay to support findings of fact:

(1) Hearsay evidence, *properly objected to*, is not competent evidence to support a finding of the Board.... (2) Hearsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand.
*Id.* 367 A.2d at 370 (emphasis in original).

whether or not the job was filled was irrelevant. Simply stated, the J & R job was in evidence and the WCJ's finding concerning its lack of availability to Claimant at the time of notice to her is not based on substantial evidence.[3]

▇▇▇ Employer next argues that Claimant exhibited bad faith when she applied for the job at J & R. This issue involves the third prong of the *Kachinski* test, which requires that a claimant must demonstrate that she in good faith followed through on job referrals. A claimant's statements indicating to a prospective employer the reasons she should not be hired "take[ ] on all the indicia of a willful sabotage, effectively eliminating any chance for employment." *Munroe v. Workmen's Compensation Appeal Board (H & G Distributing Co.)*, 151 Pa. Cmwlth. 465, 617 A.2d 88, 91 (1992), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 294 (1993). Evidence in the record showing that a claimant took this type of action precludes a claimant from proving that she carried her burden of demonstrating good faith in following through on a job referral.

Employer contends that the WCJ's Finding of Fact No. 12 (quoted above) and the underlying testimony given by Ms. Lesnesky, who was found credible by the WCJ, support a conclusion that Claimant acted in bad faith when applying for the job at J & R. We agree. The WCJ concluded that Claimant had exhibited good faith in following through on numerous job referrals. However, the WCJ did not include the J & R position when coming to that conclusion, because he had determined that the J & R position was not available.

Having determined that the WCJ should have included the J & R job as one that was open at the time notice of it was given to Claimant and based on the WCJ's findings of facts supported by substantial evidence, i.e., Ms. Lesnesky's credible testimony concerning Claimant's statements while filling out the application, we conclude that Claimant failed to demonstrate good faith in applying for the J & R position. Accordingly, we must reverse the Board's order and remand the matter, directing that a modification of benefits should be calculated, effective as of the date of the availability of the J & R position and based on the wage rate of that job. *See United Cerebral Palsy v. Workmen's Compensation Appeal Board (EMPH)*, 168 Pa.Cmwlth. 92, 649 A.2d 169 (1994), *aff'd*, 543 Pa. 544, 673 A.2d 882 (1996).

### ORDER

NOW, March 4, 1997, the order of the Workmen's Compensation Appeal Board, dated August 15, 1996, at No. A95–0653, is reversed and the matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

**3.** With regard to these first two issues raised by Employer, Claimant references the guidelines set out in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Under these guidelines an employer is required to present evidence of referrals to then open jobs which fit a claimant's occupational category for which she has been given medical clearance. Relying on Mr. Rezesky's affidavit, Claimant contends that no job existed at J & R and that no evidence was provided by Employer that the job was actually available. We again look to the record made by the parties. Employer submitted documentation showing the J & R job referral summary sheet sent to Claimant by certified mail, the job description signed by Kenneth W. Gentilezza, M.D., as being within Claimant's capabilities, the post interview sheet signed by Mr. Rezesky and the vocational expert and the job application form that Claimant filled out at J & R's premises. Claimant did not object to these documents when they were submitted into evidence and, therefore, cannot object or discount them now.