**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BOWERS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 1999.

Decided Dec. 27, 1999.

Mary T. Uhlig, Philadelphia, for petitioner.

Jack Famiglietti, Philadelphia, for respondent.

Before DOYLE, President Judge, KELLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether Francis W. Bowers (Claimant) filed his claim petition within 300 weeks of his last exposure to occupational disease-causing agents. Because he did not, the order of the Workers' Compensation Appeal Board (Board) is reversed and benefits are denied.

The relevant facts are as follows. On February 6, 1991, Claimant filed a petition for benefits under the Workers' Compensation Act (Act),[1] asserting that he sustained lung disease, heart disease, and asbestosis as a result of his employment as a firefighter for the City of Philadelphia (Employer). At a hearing before a Workers' Compensation Judge (WCJ), it was established that Claimant's last day of work for Employer, and thus the last date on which he could have been exposed to disease-causing agents, was November 20, 1980.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

By decision dated August 14, 1997, the WCJ granted the claim petition, concluding that Claimant proved that he sustained work-related occupational diseases and that the diseases manifested themselves and disabled Claimant sometime prior to 1983, which was within 300 weeks of his last occupational exposure. The Board affirmed, and Employer now appeals to this Court.

On appeal,[2] Employer argues that, because Claimant's last day of employment, and thus his last possible exposure to disease-causing agents, was November 20, 1980, Claimant's right to benefits was extinguished in 1986, within 300 weeks of November 20, 1980.[3] We agree.

This case is controlled by our recent opinion in *Wolf v. Workers' Compensation Appeal Board (Birdsboro Corporation),* 734 A.2d 461 (Pa.Cmwlth.1999). In *Wolf,* the widow of an employee who died of a work-related occupational disease filed a claim petition on September 16, 1994. By decision dated May 28, 1997, the WCJ granted the claim petition. The WCJ found that the decedent's last exposure to a disease-causing occupational hazard occurred on October 30, 1987, his last day of employment, and that the disease manifested itself by March 28, 1991, which was within 300 weeks of decedent's last exposure to the occupational hazard. The Board reversed, and we affirmed the decision of the Board, holding that the 300-week limitation set forth in Section 301(c)(2) of the Act, 77 P.S. § 411(2),[4] began to run on October 30, 1987, his last day of employment, and expired on or about August 30, 1993. Said the Court,

In the instant case, the 300-week limitation period began to run on October 30, 1987 and ended on or about August 30, 1993. The WCJ credited Dr. Lord's testimony that Decedent was disabled as of March 28, 1991. However, while Decedent did become medically disabled by an occupational disease well within 300 weeks [of his last exposure], his failure to prosecute his claim within this period extinguished all rights to workers' compensation benefits.... Accordingly, we affirm the Board's order and hold that the WCJ committed legal error by concluding that Claimant satisfied the requirements of § 301(c)(2) of the Act solely by establishing that Decedent suffered a work-related disability within the 300-week limitation period without having filed the requisite claim petition. 77 P.S. § 411(2). This is an admittedly harsh result considering that the record clearly shows that Decedent developed [an occupational disease] through his exposure to radiation while working for Employer, however, the construction of § 301(c)(2) of the Act as a statute of repose requires that we reverse the WCJ's award of workers' compensation benefits.

*Wolf,* 734 A.2d at 466. *See also City of McKeesport v. Workers' Compensation Appeal Board (Miletti),* 715 A.2d 532 (Pa. Cmwlth.), *appeal granted,* 557 Pa. 641, 732 A.2d 1211 (1998).

The present case is indistinguishable from *Wolf.* It is undisputed that Claimant's last day of employment, and thus the last day on which he could have been exposed to a disease-causing agent, was November 20, 1980. It is also undisputed

---

**2.** Our review is limited to determining whether errors of law were committed or constitutional rights violated and whether factual findings are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992).

**3.** Three Hundred (300) weeks equates to five years, ten months.

**4.** Section 301(c)(2), which applies to occupational diseases, provides, in relevant part, as follows:

[W]henever occupational disease is the basis for compensation ... it shall apply only to disability or death ... occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease....

that Claimant did not file his claim petition until February 6, 1991, which is well beyond 300 weeks from his last occupational exposure. Thus, pursuant to Section 301(c)(2) of the Act, as interpreted by *Wolf,* the claim petition was untimely. As in *Wolf,* this is an admittedly harsh result considering that the record shows that Claimant did in fact develop work-related occupational diseases. However, we have no choice but to reverse the decision of the Board.[5]

Accordingly, the order of the Board is reversed.

### *ORDER*

AND NOW, this 27th day of December, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed.

5. Because we conclude that Claimant's petition was untimely, we need not address Employer's other points of appeal.