Russell AUSBURN, Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (MERRELL & GARAGUSO),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 1997.
Decided July 30, 1997.

Bruce W. Miller, Philadelphia, for petitioner.

Sandra L. Voss, Philadelphia, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Russell Ausburn (claimant) appeals from an order of the Workers' Compensation Appeal Board affirming the decision of a workers' compensation judge (WCJ) dismissing his claim petition for benefits under the Pennsylvania Workers' Compensation Act (Act).[1] We affirm.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4.

The facts of this case may be summarized as follows. On June 17, 1988, claimant injured his left foot and ankle while in the course of his employment as a carpenter for Merrell and Garaguso (employer). As a result of this injury, claimant received workers' compensation benefits under New Jersey law; however, on January 22, 1989, these benefits were terminated.

On or about August 15, 1989, claimant filed a claim petition for benefits under the Pennsylvania Act, alleging disability based on the work-related injury. Employer filed a timely answer denying all material allegations in the claim petition, and hearings were conducted before a WCJ.

After considering the evidence presented by the parties, the WCJ found as fact: (1) on June 17, 1988 claimant injured his left foot and ankle while working for employer; (2) on August 13, 1988, claimant was involved in a criminal assault and he admitted that he had entered the victim's home while in his bare feet and punched the victim three times; (3) on August 22, 1988, claimant was seen by Dr. Thomas Javian and failed to inform Dr. Javian of the assault; and (4) a private investigator hired by employer observed claimant employed as a limousine driver while he was purportedly disabled. Specifically, the WCJ rejected claimant's testimony regarding claimant's disability as not credible, and rejected Dr. Javian's testimony regarding his disability as not credible as it was based in part on the history which was provided by claimant. As a result, the WCJ determined that claimant had failed to prove by substantial competent evidence that he was disabled because of his work-related injury.

Claimant appealed the WCJ's decision to the board. On September 1, 1993, the board issued an order and opinion affirming the WCJ's decision.

Claimant then filed an appeal of the board's decision in this court. On May 24, 1994, this court issued an order and opinion vacating the board's order and remanding the case to the board for remand to the WCJ. *Ausburn v. Workmen's Compensation Appeal Board (Merrell & Garaguso)* (No. 2247 C.D.1993, filed May 24, 1994). This court determined, *inter alia*, that the evidence relating to the assault committed by claimant was inadmissible in the proceedings. Because the WCJ may have based his credibility determinations on this inadmissible and highly prejudicial evidence, the case was remanded so that the WCJ could reconsider the credibility of the witnesses in the absence of this evidence.

After remand, on April 12, 1995, the WCJ issued another decision denying claimant's petition for benefits. The WCJ made the following relevant findings of fact:

1. On June 17, 1988, the Claimant was employed as a carpenter for [employer].

2. On that date he injured his left foot and left ankle at work.

3. Claimant testified on July 13, 1990, that he continues to feel pain in his left ankle, to the extent that he cannot walk for even one hour without pain. He also testified that he has not returned to work since June 17, 1988.

4. Claimant first treated with Dr. Thomas Javian for his work injury on August 22, 1988. Claimant informed Dr. Javian that he previously injured his left ankle in 1978, but Dr. Javian did not review any tests or medical reports relevant to this prior injury.

5. This Judge has not considered any of the evidence previously submitted in this case which was deemed inadmissible by the Commonwealth Court, specifically regarding his arrest.

6. This Judge rejects the testimony of the Claimant as not credible, based on his demeanor while testifying.

7. This Judge rejects the testimony of Dr. Javian as not credible, since it is based in part on the history which he was given by the Claimant. The Judge finds that history not credible and completely unreliable.

8. This Judge accepts the testimony of the hired investigator, Mark Shaffer, and finds that the Claimant was driving a limousine in direct contradiction of his testimony.

9. This Judge finds that any disability the Claimant suffers at this time is not related to his June 17, 1988 incident at work.

WCJ Opinion, pp. 1–2. As a result, the WCJ again determined that claimant had failed to

sustain his burden to prove disability from a work-related injury, and denied his claim petition for benefits.

Thereafter, claimant filed an appeal from the WCJ's decision to the board. On January 14, 1997, the board issued an order and opinion affirming the WCJ's decision. This appeal followed.

■ As in his last appeal to this court, claimant contends that the WCJ erred in concluding that he had failed to meet his burden of proof entitling him to disability benefits. Claimant argues that this determination is not supported by substantial evidence.[2]

■ We initially note that our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, appeal board procedure was violated, or whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School.* "Substantial evidence" is any relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988).

■ In a workers' compensation proceeding, the WCJ is the ultimate finder of fact. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 83 Pa.Cmwlth.451, 479 A.2d 631 (1984). The authority of the WCJ over questions of credibility, conflicting evidence and evidentiary weight is unquestioned. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.),* 666 A.2d 383 (Pa.Cmwlth. 1995). As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703 (Pa.Cmwlth.1995); *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991).

■ The role of both the board and this court in a workers' compensation matter are appellate in nature. *Sherrod,* 666 A.2d at 386 n. 6, *citing Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992). Our appellate role is not to reweigh evidence or to review the credibility of witnesses. *Id.* Thus, determinations of the WCJ as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Greenwich Collieries; Hayden.*

■ As we stated in our prior opinion:

At this point, we note that Dr. Javian's expert testimony, *if believed,* is sufficient to establish that Claimant's current disability is work-related. However, the [WCJ] found that (1) none of Claimant's testimony was credible and (2) none of Dr. Javian's expert testimony was credible because it was based in part upon an unreliable history provided by Claimant. As the ultimate factfinder, it is exclusively within the province of the [WCJ] to determine witness credibility. *Sun Oil Co. v. Workmen's Compensation Appeal Board (Thompson),* 158 Pa.Cmwlth. 434, 631 A.2d 1084 (1993).

Ordinarily our inquiry would end at this point. However, because we cannot discern whether the [WCJ] based his credibility determination on inadmissible evidence,

**2.** As in his last appeal, claimant is arguing that the WCJ capriciously disregarded the uncontradicted medical testimony of Dr. Javian which is sufficient to meet his burden of proof. As we noted in our prior opinion, the substantial evidence and capricious disregard standards of review are quite distinct and are applicable in different situations. Where the party with the burden of proof was the only party to present evidence and did not prevail below, this court will consider whether the finder of fact capriciously disregarded competent evidence. *See, e.g., Acme Markets, Inc. v. Workmen's Compensa-* *tion Appeal Board (Pilvalis),* 142 Pa.Cmwlth. 400, 597 A.2d 294 (1991). However, as noted in our prior opinion, both parties presented evidence in this case. Claimant offered his own testimony and the deposition testimony of Dr. Javian. Employer presented the testimony of its private investigator, a twelve-minute videotape, and the inadmissible documentary evidence of claimant's prior criminal proceedings. As a result, the substantial evidence standard as set forth above is the appropriate standard of review. *See, e.g., Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

we deem it necessary to remand the case to the [WCJ] for reconsideration of that determination. In doing so, we do not usurp the factfinder's role as sole arbiter of credibility. We seek only to assure ourselves that Claimant was not unduly prejudiced by the inclusion in the record of documents related to his prior criminal convictions, documents which the [WCJ] admitted in error.

*Ausburn v. Workmen's Compensation Appeal Board (Merrell & Garaguso)* slip op. at 7–8.

As noted above, after remand, the WCJ determined that claimant's testimony was not credible based on his demeanor while testifying. The WCJ also found Dr. Javian's testimony to be not credible as it was based in part on the not credible and unreliable history provided by claimant. In making these determinations, the WCJ did not consider any of the evidence which was deemed inadmissible by this court.

As the finder of fact, the WCJ was free to reject the testimony of claimant and his medical witness in whole or in part. *Greenwich Collieries; General Electric Co.* Moreover, the WCJ's credibility determinations in this regard were exclusively within her province and are not subject to appellate review. *Sherrod; Greenwich Collieries; Hayden.* In sum, the WCJ was free to find the evidence presented by claimant as not credible, and this determination will not be disturbed on appeal.

■ As a final matter, we note that employer asks that counsel fees be imposed against claimant's counsel pursuant to Pa. R.A.P. 2744[3] because the instant appeal is meritless and frivolous. Employer asserts that because, as in claimant's prior appeal to this court, the sole claim raised in the instant appeal is that substantial evidence does not support the credibility determination of the WCJ, this second appeal of the WCJ's decision is unwarranted and frivolous. As we advised claimant and his counsel in our prior opinion, such a credibility determination is not reviewable and will not be reversed on appeal. Therefore, we agree with employer that the instant appeal is meritless and frivolous, and we will grant its request for an assessment of reasonable counsel fees against claimant's counsel. *See, e.g., Phillips v. Workmen's Compensation Appeal Board (Century Steel),* 680 A.2d 45 (Pa.Cmwlth. 1996), *petition for allowance of appeal granted* (49 Western Dist. Appeal Dkt.1997, June 11, 1997); *Pennsylvania Department of Transportation v. Workmen's Compensation Appeal Board (Tanner),* 654 A.2d 3 (Pa. Cmwlth.1994); *Morrell v. Department of Transportation, Bureau of Traffic Safety,* 133 Pa.Cmwlth. 338, 575 A.2d 171 (1990).

Accordingly, the order of the board is affirmed, and employer's request for the assessment of reasonable counsel fees against claimant's counsel is granted. Employer shall file a bill of costs pursuant to Pa.R.A.P. 3751.[4]

### ORDER

NOW, this 30th day of July, 1997, the order of the Workers' Compensation Appeal

---

3. Pa.R.A.P. provides, in pertinent part:

**Rule 2744. Further Costs. Counsel Fees. Damages for Delay**

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee ...

\* \* \*

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious....

4. Pa.R.A.P. 3751 provides:

**Rule 3751. Taxation of Costs**

A party who desires costs to be taxed under Rule 2762(b) (procedure for collection of costs

on appeal) shall state them in an itemized and verified bill of costs which such party shall file with the Prothonotary within 14 days after entry of the judgement or other final order. In turn, Pa.R.A.P. 2762 provides:

**Rule 2762. Procedure for Collection of Costs in Appellate Courts and on Appeal**

(a) **General rule.** Costs on appeal from a lower court shall be collected in the same manner as costs taxed in such court are collected.

(b) **Commonwealth Court.** Costs in the Commonwealth Court which are not collectable under Subdivision (a) of this rule shall be entered by the Prothonotary of the Commonwealth Court as a judgment against the party liable therefor and shall be collected in the same manner as other judgments of the Commonwealth Court are enforced.

**1360**

Board, dated January 14, 1997, at No. A95–1912, is affirmed, and Merrell & Garaguso's request for the assessment of counsel fees against counsel for Russell Ausburn is granted. Merrell & Garaguso shall file a bill of costs pursuant to Pa.R.A.P. 3751.

SMITH, J., joins on affirmance of board and dissents as to counsel fees.

LEADBETTER, J., did not participate in the decision in this case.