# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anitrea Ragin, : 
                    Petitioner : 
                    : 
             v. : No. 2675 C.D. 2015 
                    : Submitted: August 19, 2016 
Workers' Compensation Appeal : 
Board (Police and Fire Federal : 
Credit Union), : 
                  Respondent : 

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER            FILED: November 21, 2016

Anitrea Ragin (Claimant), pro se, petitions for review of an October 28, 2015 Order of the Workers' Compensation Appeal Board (Board), affirming a Workers' Compensation Judge's (WCJ) Decision to deny her Claim Petition. Because Claimant's brief to this Court is substantially defective and prevents meaningful review, we quash the appeal pursuant to Rule 2101 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2101.[1]

---

[1] Rule 2101 provides:

*(Continued…)*

Claimant worked as a Telephone Representative with Police and Fire Federal Credit Union (Employer) from December 14, 2009 until April 26, 2011, when her employment was terminated. (WCJ Decision, Findings of Fact (FOF) ¶ 10(b), (d).) On December 7, 2012, more than one year after her employment was terminated, Claimant notified Employer of an alleged work injury that occurred on December 3, 2012. (Id. ¶ 10(e); Claim Petition at 1.) The Claim Petition alleges that Claimant has fibromyalgia and body pain and that the injury *first occurred* on November 11, 2010, when she was sitting at her desk while under stress from a harassing work environment. (Claim Petition at 1.) Employer issued a Notice of Workers' Compensation Denial (NCD) on December 12, 2012, denying the occurrence of a work injury. (FOF ¶ 3.)

The matter was assigned to a WCJ who, after conducting a series of hearings on the matter, recused himself. (Id. ¶ 6.) The matter was reassigned to the instant WCJ who held four hearings on the matter.[2] (Id. ¶¶ 7-8.) Claimant represented herself at the hearings and testified on her own behalf. At the December 16, 2013 hearing, Claimant attempted to present a series of medical records into evidence as exhibits. Employer objected to the evidence as hearsay pursuant to Section 422(c) of the Workers' Compensation Act (Act).[3] (Hr'g Tr., December 16, 2013, at 12-

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant . . . are substantial, the appeal or other matter may be quashed or dismissed.

Pa. R.A.P. 2101.

[2] The hearings were held on: December 16, 2013, March 13, 2014, May 12, 2014, and September 22, 2014.

[3] Act of June 2, 1915, P.L. 736, added by Section 6 of the Act of June 26, 1919, P.L. 642, as amended, 77 P.S. § 835. Section 422(c) provides, in relevant part:

*(Continued…)*

2

14.) Pursuant to Section 422(c) of the Act, medical reports shall be admissible as evidence where a claim exceeds 52 weeks of disability "unless the party that the report is offered against objects to its admission." 77 P.S. § 835. Claimant stated that she would not limit her claim to 52 weeks as her condition is "long term." (Hr'g Tr., December 16, 2013, at 14.) The WCJ excluded the documents and told Claimant that "as far as your medical records, they're not going to be admissible in the case, so you're going to have to either figure out another way to move forward with your case or, again, talk to an attorney who might be able to give you advice." (Id. at 15.) The WCJ also provided Claimant with a blank subpoena that she could use to try to compel her doctor to testify, and informed her that she had 90 days to take any evidence that could be admissible. (Id. at 19, 21-22.)

Claimant testified at the final hearing on September 22, 2014, that her symptoms have worsened since filing her Claim Petition and that she now suffers from "[n]eck pains, upper and lower, my whole body, fibromyalgia, my hands, my legs, my whole body." (FOF ¶ 11(b).) Claimant further testified that she has worked a few temporary jobs after she was terminated by Employer and that "[s]he

---

Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of disability, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports. Where any claim for compensation at issue before a workers' compensation judge exceeds fifty-two weeks of disability, a medical report shall be admissible as evidence unless the party that the report is offered against objects to its admission.

Id.

3

does not believe [that] she is capable of working in any capacity." (Id. ¶ 11(d)-(e).) Claimant also presented the following evidence that was admitted to the record: public assistance records; a letter from Claimant to the WCJ informing the WCJ that "she had no money to pay for her doctor's testimony"; a letter from Claimant to the WCJ stating "that she was behind on her mortgage"; a letter to Claimant from Employer referencing Family and Medical Leave Act (FMLA) benefits; and a bank statement showing a mortgage arrearage. (Id. ¶¶ 12-16.)

Upon review of the evidence, the WCJ found Claimant's testimony credible only "to the limited extent that she believes she sustained and continues to suffer from a work-related injury" and that she is experiencing financial hardship since her discharge from Employer. (FOF ¶¶ 22-23.) The WCJ did not find Claimant's subjective belief sufficient to establish a work-related injury because her belief was not "corroborated by competent and substantial evidence." (Id. ¶ 22.) The WCJ found that Claimant made a knowing decision to proceed without an attorney and that she was told multiple times over the course of four hearings that she must present evidence. (Id. ¶¶ 19-21, 24.) Due to the lack of evidence, the WCJ concluded that "Claimant failed to establish that she sustained a work-related injury on or about December 3, 2012." (Id. ¶ 25.)

Claimant appealed to the Board, which affirmed. The Board agreed with the WCJ that Claimant did not produce substantial evidence to support her claim. The Board concluded that "the [WCJ] was patient, helpful[,] and fair to Claimant in the presentation of her case. Thus, we see no reason to disturb [the WCJ's] Decision

denying [Claimant's] Claim Petition as Claimant failed to present substantial, competent evidence to support her claim." (Board Op. at 6.) This appeal follows.[4]

On appeal to this Court, Claimant submitted a Brief that is confusing, difficult to follow, and does not comply with the Pennsylvania Rules of Appellate Procedure. Claimant's Brief begins with a reproduction of three pages of Employer's brief to the Board. Claimant scribbled on some portions of Employer's brief and wrote "untrue" on three sections of Employer's legal argument. The Brief then includes a "Statement of Questions" section that puts forward new allegations that Claimant was not adequately trained by Employer, that Claimant's credit rating was checked by Employer without her permission, that Claimant was subjected to a hostile work environment, and that Employer has not admitted the truth. (Claimant's Br. at 5.) These issues raised in the Statement of Questions are not argued in the brief. Claimant's "Summary of the Argument" section argues that the Board and the WCJ erred by concluding that there was no credible medical evidence to support Claimant's allegation of a work-related injury; that Claimant was not able to find an attorney; and that Employer violated Claimant's civil rights protected by Title VII of the federal Civil Rights Act of 1964,[5] the Genetic Information Nondiscrimination Act of 2008,[6] the Age Discrimination in Employment Act,[7] and the Americans with Disabilities Act of

---

[4] "This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated[,] or [whether] an error of law was committed." Cytemp Specialty Steel v. Workers' Comp. Appeal Bd. (Crisman), 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

[5] 42 U.S.C. §§ 2000e – 2000e-17.

[6] 42 U.S.C. §§ 2000ff – 2000ff-11.

[7] 29 U.S.C. §§ 621 – 634.

1990.[8]  (Id. at 6).  In a section titled "Conclusion," Claimant states that no lawyer was willing to provide her assistance in her claim, that she could not subpoena her doctor, that her condition is work related, that Employer received notice of her injury, and that Employer committed a crime for which she is seeking justice.  (Id. at 7.)  The "Conclusion" section then asks for damages in the form of "lost wages and pain and suffering."  (Id.)

Rule 2101 of the Pennsylvania Rules of Appellate Procedure provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa. R.A.P. 2101.  Pursuant to Rule 2111(a) of the Pennsylvania Rules of Appellate Procedure, a petitioner's brief must contain, *inter alia*, the Order in question, a statement of the case, a summary of argument, and argument.  Pa. R.A.P. 2111(a).  A petitioner must also append a "copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved."  Pa. R.A.P. 2111(b).

"Although the courts may liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written pro se submission than is fairly conveyed . . ."  Com. v. Blakeney, 108 A.3d 739, 766 (Pa. 2014).  "[A]ny layperson choosing to represent h[er]self in a legal proceeding

---

[8] 42 U.S.C. §§ 12101 – 12213.

must, to some reasonable extent, assume the risk that h[er] lack of expertise and legal training will prove h[er] undoing." Groch v. Unemployment Comp. Bd. of Review, 472 A.2d 286, 288 (Pa. Cmwlth. 1984). Missing from Claimant's Brief is a Statement of the Case, an Argument section, the text of the Order under review, and a copy of the Board's Opinion. On May 26, 2016, we issued an order noting, *inter alia*, that the Claimant's original brief did not include a copy of the opinions of the Board or WCJ and requiring Claimant to "file an amended brief (4 copies) that conforms to the requirements of Chapter 21 of the Pennsylvania Rules of Appellate Procedure on or before June 27, 2016, or this case will be dismissed as of course." (Order, May 26, 2016.) While an Amended Brief was filed with the WCJ's Decision attached, these other defects remain. Claimant raises employment discrimination issues in some portions of her brief and issues related to substantial evidence in others. Claimant further seeks workers' compensation benefits in one section of the Brief and seeks damages in another. Furthermore, there is no argument section, and Claimant does not present any citations to authority supporting her arguments as required by Rules 2119(a) and 2119(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2119(a), (b).[9]

---

[9] Rule 2119(a) and (b) provide:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
> **(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

Pa. R.A.P. 2119(a), (b).

Employer, in its brief, argues that Claimant did not preserve any issues for review, the Amended Brief is substantially deficient, and the appeal should be quashed. Employer also contends that the Board did not err by affirming the WCJ's decision. We are cognizant that our Supreme Court has cautioned us that "[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." Stout v. Universal Underwriters Ins. Co., 421 A.2d 1047, 1049 (Pa. 1980). Indeed, "we may ignore even 'egregious violation' of the Rules of Appellate Procedure if these defects do not preclude meaningful appellate review." Arnold v. Workers' Comp. Appeal Bd. (Lacour Painting, Inc.), 110 A.3d 1063, 1067 (Pa. Cmwlth. 2015) (citations omitted). However, providing meaningful review of Claimant's case in light of the defects in her Brief would require this Court to essentially act as Claimant's attorney, which substantially prejudices Employer and is not our role. Blakeney, 108 A.3d at 766. We, therefore, quash Claimant's appeal pursuant to Rule 2101 of the Pennsylvania Rules of Appellate Procedure.

Although we cannot discern any specific arguments of error in Claimant's brief, her Summary of Argument generally states that the Board and the WCJ erred by concluding that there was no credible medical evidence to support Claimant's allegation of a work-related injury. We have reviewed the Board's Order, the WCJ's decision, and the record. Based on our review, we agree with the WCJ and the Board that Claimant presented no credible admissible evidence establishing that she sustained a work-related injury. The only admissible evidence submitted by Claimant that suggests a work-related injury is Claimant's own testimony, which the WCJ found credible only to the extent that Claimant *believed* she

8

sustained an injury. Credibility determinations are the exclusive province of a WCJ. <u>Ausburn v. Workers' Comp. Appeal Bd. (Merrell & Garaguso)</u>, 698 A.2d 1356, 1358 (Pa. Cmwlth. 1997). The testimony of any witness may be rejected by a WCJ in whole or in part. <u>Id.</u> The documents submitted by Claimant that *may have* shown a work-related injury were properly excluded pursuant to Section 422(c) of the Act. As noted by the Board, the WCJ patiently gave Claimant numerous warnings, repeatedly advised her to obtain counsel, notified her of the deadlines for submitting evidence, and extended the deadlines, thus providing her ample time to submit admissible evidence from a medical expert. Thus, even if we did not quash the appeal, we see no error in the Board's reasoning and would affirm the Board's Order.

 

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anitrea Ragin,                                          :
                    Petitioner        :
                                   :
                                   :
              v.                 :  No. 2675 C.D. 2015
                                   :
Workers' Compensation Appeal        :
Board (Police and Fire Federal       :
Credit Union),                                     :
                    Respondent        :

# O R D E R

**NOW**, November 21, 2016, Anitrea Ragin's appeal of the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is hereby **QUASHED**.

_____
**RENÉE COHN JUBELIRER**, Judge