IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Florendo German,                          :
                    Petitioner            :
                                          :
            v.                            :    No. 821 C.D. 2019
                                          :    Submitted: December 27, 2019
Workers' Compensation Appeal              :
Board (Temple University Hospital),       :
                    Respondent            :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: May 14, 2020

        Florendo German (Claimant) petitions for review of an adjudication of
the Workers' Compensation Appeal Board (Board) that terminated his benefits. In
doing so, the Board affirmed the decision of the Workers' Compensation Judge
(WCJ). On appeal, Claimant challenges the WCJ's credibility determinations as
insufficiently explained and contends that the termination of his benefits was
improper because he continues to suffer pain from his work-related injury. Finding
no error, we affirm.

## Background

        Claimant worked for Temple University Hospital (Employer) as an
operating room nurse. On January 28, 2014, Claimant injured his back trying to
prevent a patient from falling off an operating table. Claimant suffered a lumbar
strain. Following litigation before a WCJ, Claimant was ruled eligible for indemnity
benefits.

On February 2, 2016, Employer filed a petition to terminate benefits, alleging that Claimant had fully recovered from his work injury and was able to return to unrestricted work as of January 15, 2016.[1]  Claimant filed an answer denying the material allegations in the termination petition and filed a petition for penalties, alleging that Employer had improperly refused to pay for medications and injection therapy needed to treat his work injury.  The petitions were assigned to a WCJ.

In support of its termination petition, Employer offered the deposition testimony of Neil Kahanovitz, M.D., who is board certified in orthopedic surgery. Dr. Kahanovitz performed an independent medical evaluation (IME) of Claimant on January 15, 2016, in which he reviewed Claimant's medical records and diagnostic test results; took a history from Claimant; and performed a physical examination of Claimant.  According to Dr. Kahanovitz, his examination of Claimant revealed no objective evidence of impairment or any reason for Claimant to have pain.  Notes of Testimony, 4/14/2016, at 10 (N.T.___); Reproduced Record at 13a (R.R. ___).  Further, the diagnostic studies showed no nerve root compression, herniation, or any other acute abnormality that could be related to Claimant's work incident.  N.T. 10-11; R.R. 13a-14a.  Dr. Kahanovitz opined that Claimant's work injury was a lumbar strain and that Claimant had fully recovered from that injury as of January 15, 2016.

In opposition to the termination petition, Claimant testified in person before the WCJ.  He described the back injury he sustained when he stopped a patient from falling off an operating room table.  Claimant testified that he has problems sitting or standing for prolonged periods and difficulty riding in a car.  N.T., 11/7/2016, at 13-14; R.R. 163a-64a.  Additionally, he continues to experience pain

[1] In March 2016, Employer filed a petition to suspend compensation benefits based upon a job offer.  This petition is moot.

2

in his lower back. He goes to physical therapy three times a week, takes oral pain medications, and receives injections in his back to help with the pain.

On cross-examination, Claimant acknowledged that in 2016, he took an extended overseas vacation. On this trip, he flew approximately 17 hours from New York to the Philippines. After spending some time in the Philippines, Claimant testified that he took a five-hour flight to Malaysia, where he spent a day visiting Legoland. He also visited Indonesia. Claimant explained, however, that prior to the trip, he got an injection in his lower back. On the airplane trips, he sat by the restroom so he could stretch. Additionally, while on vacation, he maintained his medication regimen and performed pool exercises.

Claimant also presented the deposition testimony of Zena Zingerman, M.D., who is board certified in physical medicine and rehabilitation. Her practice focuses on pain management. Dr. Zingerman diagnosed Claimant with a "sprain and strain of the lumbar spine as well as [a] S1 joint" strain. N.T., 6/21/2016, at 15; R.R. 122a. Dr. Zingerman testified that Claimant has a disc bulge that could have been caused by his work injury. She has prescribed aquatic therapy for Claimant. In her most recent examination of Claimant, which was performed on the day of her deposition, Dr. Zingerman testified that Claimant had a limited range of motion, especially with flexion, and tenderness with muscle spasm.

On cross-examination, Dr. Zingerman conceded that she first examined Claimant approximately two years after his work injury. She did not agree that Claimant's work injury consisted only of a lumbar strain.

On June 6, 2017, the WCJ issued a decision granting Employer's termination petition. The WCJ found, in relevant part, as follows:

> 5.  This Judge has reviewed Claimant's testimony and finds it not credible with regard to the extent of his injury. This Judge

3

finds compelling the conflict between Claimant's reported limitations and lack of improvement and his actions in taking an extended overseas trip in 2016, which included prolonged travel and enjoyment of a theme park. This determination is made based on this Judge's live viewing of Claimant's testimony.

6. This Judge has reviewed the testimony of Dr. Kahanovitz and Dr. Zingerman and finds the testimony of Dr. Kahanovitz more credible than that of Dr. Zingerman. Dr. Zingerman saw Claimant for the first time over a year and a half after his injury. As such, her testimony, in this Judge's discretion, is not afforded the deference of an initial treating physician who has provided a continuum of care; Dr. Kahanovitz, who maintains a board certification in orthopedic surgery, saw Claimant only two months after Dr. Zingerman's [*sic*] first saw Claimant. Dr. Kahanovitz acknowledged and accepted the judicially determined description of injury, that being a lumbar strain, while Dr. Zingerman incredibly, and perhaps incompetently, opined that Claimant's initial injuries were more extensive. Dr. Kahanovitz clearly, consistently, and cogently explained the findings on Claimant's objective diagnostic studies and their (non-)relationship to Claimant's injury. This Judge, therefore, finds Dr. Kahanovitz'[s] testimony [*sic*] and accepts same where it conflicts with Dr. Zingerman's testimony.

WCJ Decision, 6/6/2017, at 6-7, Findings of Fact (F.F.) Nos. 5 and 6. Based on these findings, the WCJ concluded that Employer met its burden of proving that Claimant had fully recovered from his work injury.

With regard to Claimant's penalty petition, the WCJ found Employer violated the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710, by refusing to pay the invoices for some of Claimant's patient visits and injections. The WCJ awarded Claimant $7,087.50, which represented 50% of the bills before repricing. In addition, the WCJ awarded Claimant the full amount of his litigation costs.

4

Both parties appealed. On June 21, 2018, the Board affirmed the WCJ's termination of Claimant's benefits. However, it modified the WCJ's penalty award, limiting it to 50% of the repriced medical bills. Because Claimant had prevailed only on the penalty petition, the Board remanded the matter to the WCJ to determine the amount of reasonable litigation costs associated with Claimant's penalty petition, not his defense against the termination petition.

Upon remand, the WCJ issued a determination on the amount of Claimant's litigation costs. In response to Claimant's request to make the Board's prior adjudication issued on June 21, 2018, final, the Board affirmed the WCJ's January 7, 2019, order and granted Claimant's request. Claimant then petitioned for this Court's review.

**Appeal**

On appeal,[2] Claimant presents a single "question presented," *i.e.*, that the Board erred in affirming the WCJ. In his suggested answer to this question, Claimant argues that the WCJ did not issue a reasoned decision that explained his credibility determinations. He also argues that the record does not support the WCJ's finding that he was fully recovered. He requests the Court to reverse the Board's adjudication.

**Analysis**

Section 422(a) of the Act requires the WCJ to issue a reasoned decision "containing findings of fact and conclusions of law based upon the evidence as a

---

[2] Our review determines "whether there has been a violation of constitutional rights, [or] errors of law committed, [or] board procedures violated, or whether necessary findings of fact are supported by substantial evidence." *Reed v. Workers' Compensation Appeal Board (Allied Signal, Inc.)*, 114 A.3d 464, 468 n.3 (Pa. Cmwlth. 2015). Additionally, when raised, this Court will review for a capricious disregard of the evidence. *Id.* at 468 n.3.

whole which clearly and concisely states and explains the rationale for the decision so that all can determine why and how a particular result was reached." 77 P.S. §834. It further states that the WCJ "shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section." *Id.* A decision is reasoned for purposes of Section 422(a) if it allows for adequate appellate review. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003).

The Supreme Court has explained that unless a credibility assessment is tied to a witness's demeanor before the WCJ, "some articulation of the actual objective basis for the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review." *Daniels*, 828 A.2d at 1053. "However, the WCJ's prerogative to determine the credibility of witnesses and the weight to be accorded evidence has not been diminished" by the reasoned decision requirements of Section 422(a). *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison)*, 717 A.2d 1086, 1089 (Pa. Cmwlth. 1998)). "Such determinations are binding on appeal unless made arbitrarily and capriciously." *Id.*

Claimant argues that the WCJ did not issue a reasoned decision because he did not adequately explain his credibility determinations. We disagree.

The WCJ fully explained why he rejected Claimant's testimony:

> This Judge has reviewed Claimant's testimony and finds it not credible with regard to the extent of his injury. This Judge finds compelling the conflict between Claimant's reported limitations and lack of improvement and his actions in taking an extended overseas trip in 2016, which included prolonged travel and enjoyment of a theme park. This determination is made based on this Judge's live viewing of Claimant's testimony.

6

WCJ Decision, 6/6/2017, at 6, F.F. No. 5.  Nevertheless, Claimant asserts that the WCJ "gave scant recognition" to the "many precautions" he undertook to avoid complicating his condition during the trip.  Claimant Brief at 40.  The WCJ's findings of fact belie this argument:

> d.  Claimant went on a trip overseas with his mother in 2016. Claimant went to South Korea, the Philippines, Singapore, Malaysia, Indonesia; Claimant traveled by both air and by car. Claimant was out of the United States for a month and was without medical care; however, *Claimant cleared the trip with his providers prior to leaving and received injections. Claimant also performed therapy, of a sort, during his trip.*  The timing of Claimant's trip coincided, and/or conflicted, with the job offer [from Employer].

WCJ Decision, 6/6/2017, at 6, F.F. No. 3(d) (emphasis added).  Rather, the WCJ assigned these precautions little weight, which is the prerogative of the fact-finder.[3]

Claimant also challenges the WCJ's credibility determination with respect to Dr. Zingerman, who is Claimant's treating physician.  This Court has held that "greater credence may be given to the testimony of a claimant's treating physician as opposed to a physician who examines the claimant solely for litigation purposes."  *Wall v. Workers' Compensation Appeal Board (Commonwealth of*

---

[3] In assessing the evidence, the WCJ is the ultimate fact-finder and "has complete authority over questions of witness credibility and evidentiary weight." *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015).  The WCJ is free "to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Ausburn v. Workers' Compensation Appeal Board (Merrell & Garaguso)*, 698 A.2d 1356, 1358 (Pa. Cmwlth. 1997).  On appeal, this Court "is not to reweigh the evidence or to review the credibility of the witnesses." *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 437 (Pa. 1992).  Rather, this Court "may overturn a credibility determination 'only if it is arbitrary and capricious or so fundamentally dependent on a misapprehension of facts, or so otherwise flawed, as to render it irrational.'" *Verizon*, 116 A.3d at 1162 (quoting *Casne v. Workers' Compensation Appeal Board (STAT Couriers, Inc.)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008)).

*Pennsylvania)* (Pa. Cmwlth., No. 1573 C.D. 2017, filed May 31, 2018), slip op. at 9.[4] However, this Court has also held that "a WCJ is under no obligation to accept the opinion of the treating physician over the opinion of an IME expert retained by the employer." *Id.* (citing *Jenkins v. Workmen's Compensation Appeal Board (Woodville State Hospital)*, 677 A.2d 1288, 1293 (Pa. Cmwlth. 1996)). We have "rejected the adoption of a 'treating physician's rule' found in other jurisdictions that would give deference to the testimony of the treating physician based on the ongoing relationship between the physician and patient." *Id.* at 10. Accordingly, this Court may not disturb the WCJ's determination that Dr. Kahanovitz was more credible than Dr. Zingerman based solely on Dr. Zingerman's status as Claimant's treating physician.

For a decision to be "reasoned" under Section 422(a) of the Act, the WCJ must articulate the "actual objective basis" for his credibility determinations. *Daniels*, 828 A.2d at 1053. The WCJ did so. He explained his reasons for rejecting Claimant's testimony even though this explanation was not necessary because the WCJ observed Claimant's live testimony. Claimant may disagree with the WCJ's credibility determinations, but that is not a basis for setting them aside. *Hall v. Workers' Compensation Appeal Board (America Service Group)*, 3 A.3d 734, 743 (Pa. Cmwlth. 2010).

Finally, Claimant argues that the WCJ erred in granting Employer's termination petition because he has "not fully recovered from his injuries." Claimant Brief at 34. Claimant contends that "there is no evidence of actual physical

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

8

improvement in the record," and Employer did not provide a "persuasive alternative explanation for [Claimant's] continued pain symptoms." *Id.* at 39.

"An employer seeking to terminate workers' compensation benefits bears the burden of proving either that the employee's disability has ceased, or that any current disability arises from a cause unrelated to the employee's work injury." *Campbell v. Workers' Compensation Appeal Board (Antietam Valley Animal Hospital)*, 705 A.2d 503, 506-07 (Pa. Cmwlth. 1998) (holding that termination was improper where the employer's expert did not rebut the claimant's credible complaints of ongoing pain and fatigue). "An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from [his] work-related injuries." *Paul v. Workers' Compensation Appeal Board (Integrated Health Services)*, 950 A.2d 1101, 1104 (Pa. Cmwlth. 2008).

In this case, the WCJ accepted Dr. Kahanovitz's opinion that Claimant was fully recovered from his accepted work injury as of January 15, 2016, and required no additional treatment or work restrictions after that date. The WCJ explained that he credited Dr. Kahanovitz's testimony because it was based on a physical examination of Claimant and a thorough review of his medical history and diagnostic studies.

Claimant argues, however, that Dr. Kahanovitz's testimony does not offer an alternate etiology for Claimant's ongoing symptoms and is inconsistent with the record. Claimant asserts that the record shows a basis for his continued back pain, specifically a bulging disc and clinical radiculopathy. Dr. Kahanovitz testified that he "found no basis" for Claimant's complaint of back pain, either "anatomically during the physical exam, [or] diagnostically on serial MRI studies." N.T., 4/14/2016, at 26; R.R. 29a. Additionally, Dr. Kahanovitz explained that, although

9

the diagnostic studies showed an L5 radiculopathy, there were no objective findings to corroborate Claimant's symptoms during his physical examination; therefore, the diagnostic studies were not indicative of "a true radiculopathy." N.T. 25; R.R. 28a. Further, although Claimant's most recent MRI showed a "one millimeter bulge indent[ing] the ventral thecal sac[,]" Dr. Kahanovitz testified that "there [was] no evidence of compression." N.T. 20; R.R. 23a.

It does not matter that there is evidence in the record that supports a factual finding contrary to that made by the WCJ. The critical inquiry is whether there is evidence to support the findings actually made. *Edwards v. Workers' Compensation Appeal Board (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 (Pa. Cmwlth. 2016) (quotation and citation omitted). The record fully supports the WCJ's finding that Claimant has recovered from work-related lumbar strain, and we reject Claimant's argument to the contrary.

### Conclusion

The WCJ fully addressed and adjudicated Employer's termination petition. In doing so, the WCJ summarized the testimony, made all necessary findings and conclusions, articulated the reasons for his ultimate decision and dealt with all essential issues. The WCJ's decision allows for effective appellate review and, thus, is a reasoned decision. Additionally, the record in this case supports the finding that Claimant had fully recovered from his work injuries as of January 15, 2016, and this supports the grant of Employer's termination petition. For these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Florendo German,                          :
                      Petitioner          :
                                          :
            v.                            :    No. 821 C.D. 2019
                                          :
Workers' Compensation Appeal              :
Board (Temple University Hospital),       :
                      Respondent          :

# **O R D E R**

AND NOW, this 14th day of May, 2020, the adjudication of the Workers' Compensation Appeal Board dated June 21, 2018, as made final by the June 7, 2019, order, in the above matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge