IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Bellamy,                    :
                                    :
                    Petitioner      :
                                    :
          v.                        : No. 109 C.D. 2023
                                    : Submitted: November 6, 2023
City of Philadelphia (Workers'      :
Compensation Appeal Board),         :
                                    :
                    Respondent      :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: July 22, 2024


          Douglas Bellamy (Claimant) petitions for review of a decision of the
Workers' Compensation Appeal Board (Board), which affirmed a decision of
Workers' Compensation Judge (WCJ) Timothy Bulman. The WCJ granted
Claimant's Reinstatement Petition for total disability benefits against the City of
Philadelphia (Employer) as of May 14, 2021. However, the WCJ also granted
Employer's Modification Petition, converting Claimant's benefits to partial
disability benefits as of September 2, 2021, under the Act 111[1] amendment to the

---

[1] Section 306(a.3) of the Act of June 2, 1915, P.L 736, *as amended*, added by the Act of October 24, 2018, P.L. 714 No. 111, 77 P.S. §511.3 (Act 111) (specifically incorporating the American Medical Association Guides to Evaluation of Permanent Impairment, Sixth edition, second printing April 2009 (AMA Guides), for use in conducting impairment rating evaluations (IREs)).

Workers' Compensation Act (Act).[2]  Claimant challenges, *inter alia*, the retroactive application of Act 111 to his Reinstatement Petition.  Upon review, we affirm.

On December 9, 2009, Claimant suffered a work-related injury to his neck when he tripped and fell.  WCJ's June 29, 2022 Opinion (WCJ's Op., 6/29/22), Finding of Fact (F.F.) No. 8a.[3]  Nevertheless, he continued working until January 7, 2010, when, in the course of his employment, he fell into a sewer hole.  *Id.*  As noted in a July 12, 2011 Stipulation of the Parties, Claimant's December 9, 2009 injury was described as "an aggravation of underlying cervical degeneration causing acute herniation at the C3-C7 levels with progressive cervical myelopathy and resulting in the need for cervical decompressive and fusion surgery."  *Id.* at F.F. No. 5a.  Thus, Claimant began receiving a weekly total disability rate of $443.00.  *Id.* at F.F. No. 5b.

However, on May 6, 2015, WCJ Scott Olin granted Employer's Modification Petition to reduce Claimant's indemnity benefits to partial disability as of December 16, 2014, after an IRE of Claimant found his whole-person impairment rating to be less than 50%.[4]  WCJ's Op., 6/29/2022, F.F. No. 6.

As a result, "[o]n May 13, 2021, [Claimant] filed [the Reinstatement Petition] against [Employer] seeking . . . reinstatement of [total disability] benefits

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 §§1-1041.4; 2501-2710.

[3] The WCJ's Opinion, WCJ Opinion, 6/29/2022, may be found in the Reproduced Record (R.R.) at 21a-27a.

[4] *See* Section 306(a.2)(2) of the Act, added by Section 4 of the Act of June 24, 1996, P.L. 350 No. 57 (Act 57), *formerly* 77 P.S. §511.2(2), repealed by Act 111 (considering a claimant with a whole-person impairment rating less than 50% to be partially disabled for the purpose of workers' compensation benefits).

and status based upon the *Protz*[*I* and *II*[5]] decision[s] and [their] progeny declaring the [IRE] section of the Act as unconstitutional." WCJ's Op., 6/29/2022, F.F. No. 2. Additionally, following an IRE, Employer filed a Modification Petition seeking to have Claimant's status and benefits modified to partial disability once again, because Vinit Pande, M.D. (Dr. Pande) found Claimant's whole-person impairment rating to be 5%. *Id*. at F.F. No. 3.

At a hearing on July 29, 2021, Claimant presented sworn testimony on his behalf and related that "[h]is current complaints include constant neck pain. He added: 'I'm definitely still suffering from the injury at the moment.'" WCJ's Op., 6/29/2022, F.F. No. 8c. Employer presented Dr. Vande's testimony. Dr. Vande explained that he rated Claimant's whole-person impairment rating at 5%, after (1) reviewing medical records and diagnostic studies pertaining to Claimant's work injury; (2) performing a physical examination in which he found a "decreased range of motion of the cervical spine and muscle spasm"; (3) determining Claimant's work injury to consist of cervical myelopathy requiring decompression and fusion; and (4) finding that Claimant had reached maximum medical improvement (MMI). *Id*. at F.F. Nos. 9c-9g.

The WCJ found Claimant to be a credible witness and found Dr. Pande to be credible "in all respects," but also noted that "Claimant did not present any expert medical evidence to challenge or rebut the opinions of Dr. Pande." WCJ's Op., 6/29/2022, F.F. No. 10-11. Consequently, the WCJ reinstated Claimant's total

---

[5] *See Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*) (declaring Section 306(a.2) of the Act to be an unconstitutional delegation of legislative authority and restoring the use of the Fourth Edition of the AMA Guides); *aff'd in part and rev'd in part by Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*) (affirming this Court in part by declaring Section 306(a.2) of the Act to be an unconstitutional delegation of legislative authority, but reversing in part by striking Section 306(a.2) from the Act entirely).

disability benefits beginning on May 14, 2021, the date of his Reinstatement Petition. F.F. No. 13. However, the WCJ also found that Claimant had reached his MMI and determined his whole-person impairment rating to be 5%. *Id*. at F.F. No. 14. Therefore, the WCJ granted Employer's Modification Petition reducing Claimant's benefits to partial disability as of September 2, 2022 and ongoing. *Id*. In a decision circulated on January 13, 2023, the Board affirmed the WCJ's order.[6]

On appeal,[7] Claimant advances three issues: (1) whether the WCJ erred in reinstating Claimant's total disability benefits as of the date of his Reinstatement Petition, rather than the initial December 16, 2014 modification date; (2) whether the WCJ erred in applying Act 111 to an injury occurring before its effective date; and (3) whether Act 111 constitutes an unconstitutional delegation of the General Assembly's legislative authority. However, these issues are easily disposed of because our Court has rejected identical arguments in the past.

Concerning the first issue, Claimant argues that he has a "substantive, vested property right to [total disability] benefits, established on the date of his work accident, which was entitled to constitutional protection." Petitioner's Brief at 12. For this proposition, he cites *Giant Eagle, Inc. v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663, 668 (Pa. Cmwlth. 2000) (noting that claimants "have a vested right in the continuation of workers' compensation benefits until

---

[6] The Board Opinion may be found in the Reproduced Record at 41a-51a.

[7] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

4

found to be ineligible"). *Id.* Thus, Claimant argues this vested right should have continued until he was *lawfully* found to be ineligible. *Id*. at 14. To that end, because our Supreme Court invalidated the provision of the Act upon which the December 16, 2014 modification was based, Claimant argues that the void *ab initio* doctrine requires that Claimant's total disability benefits be reinstated as of the original modification date. Petitioner's Brief at 19. In his view, to hold otherwise is to "continue to enforce provisions that were void from the moment that the legislature enacted them." *Id*. at 20.

Likewise, Claimant avers that our decision in *Thompson v. Workers' Compensation Appeal Board (Exelon Corp.)*, 168 A.3d 408, 414-413 (Pa. Cmwlth. 2017), compels this Court to reverse prior WCJ modifications based on the unconstitutional IRE provision that was invalidated by *Protz II*. *Id*. at 26. Relying on our subsequent case law, Claimant also argues that *Protz II* announced a new rule of law and should be applied retroactively. Petitioner's Brief at 27. In his analysis, Claimant argues that our holding in *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635, 641-642 (Pa. Cmwlth. 2018) (*Dana Holding I*), *aff'd*, 232 A.3d 629 (Pa. 2020) (*Dana Holding II*), weighs in favor of *Protz II*'s retroactive application. Petitioner's Brief at 30-31. Alternatively, Claimant argues that if this Court rejects this argument, then the void *ab initio* doctrine nevertheless compels retroactive application of *Protz II*. *Id*. at 33.

Employer responds that the WCJ correctly reinstated total disability benefits as of the date of the filing of Claimant's Reinstatement Petition, relying on this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health Systems Hanemann, LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018). Respondent's Brief at 13-14. In Employer's view, a claimant "who litigated a

5

modification petition based on an IRE performed under the provision of Act 57 is entitled to seek reinstatement to total disability benefits even though the [claimant] did not challenge the constitutionality of Section 306(a.2) during that litigation." *Id*. However, that claimant bears the burden of proving continuing disability, which, if met, only entitles a claimant to reinstatement as of the date the reinstatement petition was filed. *Id*.

We agree with Employer.[8] First, "a vested right is one that so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company, LLC)*, 252 A.3d 1169, 1179 (Pa. Cmwlth. 2021) (citing *Warren v. Folk*, 886 A.2d 305, 308 (Pa. Super. 2005)). In any event, we have already held that there is no vested right to ongoing total disability benefits, "because there are reasonable expectations under the Act that benefits may change." *Id*. In fact, in *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 435-436 (Pa. Cmwlth.

---

[8] We likewise agree with Employer's apt analysis regarding the WCJ's application of Act 111 to the instant case. Essentially, the December 16, 2014 IRE served as the basis to originally modify Claimant's benefits to partial disability and was performed under the provisions of Act 57. Respondent's Brief at 14-15. Because he did not challenge the constitutionality of former Section 306(a.2), Claimant bore the burden of proving continuing disability. Employer concedes that the WCJ properly awarded benefits as of the date of the Reinstatement Petition, because the WCJ relied on Claimant's own testimony in finding continuing disability. *Id*.

Hence, the WCJ correctly granted Employer's Modification Petition because Section 306(a.3) of the Act requires an IRE when a claimant has received benefits for 104 weeks. Respondent's Brief at 15. If the claimant's whole-person impairment rating is less than 35%, then the employee shall receive partial disability benefits. *Id*. at 16. Here, Claimant received 104 weeks of total disability benefits because he began receiving them on "at least July 12, 2011 . . . through December 16, 2014, when his benefits were modified to partial disability[,]" thus entitling Employer to an IRE. *Id*. The WCJ found Dr. Vande's testimony to be credible and established a whole-person impairment rating of 5% based upon the IRE, which Claimant neither disputed nor rebutted with conflicting evidence. *Id*.

6

2022) (citation omitted), we specifically rejected a claimant's reliance on *Giant Eagle* for this proposition, and explained: "[W]hile it is true that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them, claimants do not acquire a vested right in temporary total disability benefits status at any given time because that status has always been subject to potential litigation by employers." *See also Pierson*, 252 A.3d at 1180 ("[C]laimants, such as the one in the matter before us, did not automatically lose something by the enactment of Act 111.").

Moreover, Claimant's arguments that the opinion in *Protz II* rendered former Section 306(a.2) void *ab initio*, thus restoring total disability benefits to any claimant whose benefits were modified pursuant to an IRE under this section, are unavailing. Put simply, we have never strayed from our decision otherwise. *See DiPaolo*, 278 A.3d at 438 ("Thus, contrary to [the c]laimant's assertions, we have never held that any IRE preceding the *Protz* cases was automatically erased in its entirety, including the weeks of benefits paid by employers for claims arising prior to Act 111.").

Similarly, contrary to Claimant's assertion, *Thompson* is not controlling here. Although Claimant has correctly observed that our opinion therein held that the Act no longer contained a provision permitting modification based on an IRE, *Thompson* was our first decision touching upon retroactivity in the wake of *Protz II*. *Thompson*, 168 A.3d at 412-13. Shortly thereafter, we altered our approach.

For example, in *Whitfield*, 188 A.3d at 616, we noted that "a claimant whose status was changed to the 500-week, limited period of partial disability based upon an unconstitutional IRE" was entitled to a reinstatement as of the date of the filing of the reinstatement petition. We observed that the parties therein viewed the

7

case as implicating retroactivity. *Id*. Although we did not agree that the case turned "purely" on that issue, we nevertheless stated:

> Simply because *Protz II* is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively. It would be retroactive if it related back and gave a prior transaction a legal effect different from that which it had under the law in effect at the time. This decision does not alter [the c]laimant's past status. Rather, it gives effect to the [c]laimant's status as it existed under the law in effect at the time []he filed h[is] reinstatement petition . . .

*Id*. at 617 (citations omitted).

Subsequently, in *Dana Holding I*, 195 A.3d at 642-643, we issued a narrow decision reinstating a claimant's benefits as of the date of his IRE instead of the date of *Protz II*, because the IRE was being actively litigated when *Protz II* was being decided. On that point, we noted: "We reiterate that our holding is limited to cases, such as this, where the underlying IRE was still being actively litigated when *Protz II* was issued. The extent to which *Protz II* may be retroactively applied to another scenario is not before us." *Id*. at 642 n. 9.

Importantly, on October 24, 2018, Act 111 became effective. Thereafter, in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020), this Court rejected a claimant's argument that her total disability benefits should be reinstated as of the date of her conversion from total to partial disability. This Court reasoned it was controlled by the *Whitfield* holding because the claimant "previously had her benefits modified from total to partial disability effective 2013, did not appeal that decision, and [was] seeking reinstatement of her benefits, via a reinstatement petition filed . . . after the decision in *Protz I*[,]" like the claimant in *Whitfield*. *Id*. Likewise,

8

this Court found *Dana Holding I* inapposite, because this Court specifically limited its applicability to the narrow facts before the Court. *Id*.

Presently, that which was true of the claimant in *White* is also true of Claimant here: Claimant's total disability benefits were modified from total disability benefits to partial disability benefits effective December 16, 2014; Claimant did not appeal the modification decision; and Claimant did not file for reinstatement until 2021. As such, the narrow circumstance described in *Dana Holding I* is inapplicable because Claimant was not actively litigating his IRE pending *Protz II*. Similarly, because *Whitfield* and *White* instruct that Claimant was not entitled to workers' compensation benefits prior to the filing of his Reinstatement Petition, neither the WCJ nor the Board erred in concluding as much. To briefly reiterate, the WCJ did not err by reinstating Claimant's benefits as of the date of his Reinstatement Petition, rather than his original modification date, because: (1) Claimant did not possess a vested right in ongoing total disability benefits; (2) neither *Protz I* nor *Protz II* rendered Section 306(a.2) void *ab initio*; and (3) *Thompson* is not controlling here.

Concerning the second issue, Claimant argues that "[Act 111], which purports to re-institute the [IRE] procedure under the [] Act for injuries occurring prior to October 24, 2018, is unconstitutional and cannot be applied to workers injured before that date." Petitioner's Brief at 36. In relevant part, Claimant argues that, under *Rose Corp. v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 563 (Pa. Cmwlth. 2020), because Act 111 was considered to be a substantive amendment, Employer could not rely on the December 16, 2014 IRE to modify benefits from total to partial. *Id*. at 45. In his view, doing so would divest Claimant of a continuing right to total disability benefits, because "there is a protected property

interest in the receipt of State[-]created benefits where there is an unqualified right to receive benefits or when all qualifications necessary to its receipt are satisfied." *Id*. at 50-51 (citing *Miller v. Workers' Compensation appeal Board (Pavex, Inc.),* 918 A.2d 809, 812 (Pa. Cmwlth. 2007)).

To that end, Claimant argues that in *Dana Holding II*, our Supreme Court considered the retroactive application of Act 111, in the context of an employer challenge under the Remedies Clause of article 1, section 11 of the Pennsylvania Constitution.[9]  *Id*. at 51.  Therein, Claimant argues that the Court rejected the employer's "right" to rely on an unlawful IRE.  *Id*. at 52 (citing *Dana Holding II*, 232 A.3d at 649).  Consequently, Claimant contends that to permit Act 111 to alter Claimant's benefits would violate due course of law, because the Remedies Clause is meant to protect against legislative elimination of a vested right. *Id*. at 52 (citing *Konidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231 (Pa. 2008)).  Thus, the "remedy [to] this constitutional violation is to determine that injured workers, who were injured prior to October 24, 2018, must not be required to attend an IRE and subsequently have their benefits modified from total to partial based on the IRE, as Act 111 cannot be applied to them."  *Id*. at 53.  Finally, as concerns the second issue, Claimant acknowledges that this Court already considered and rejected an identical claim regarding Act 111's constitutionality in *Pierson*, 252 A.3d at 1179.  Petitioner's Brief at 59.  Yet, he nevertheless urges our reconsideration in light of the above.  *Id*.

---

[9] Article I, section 11 of the Pennsylvania Constitution provides, in relevant part: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."  Pa. Const. art. 1, §11.

Employer rejoins that this Court's decision in *Rose Corp.*, 238 A.3d at 561, makes clear that Act 111 applies retroactively to previous weeks of compensation paid. Respondent's Brief at 18. Employer emphasizes that Sections 3(1) and 3(2) of Act 111 state:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the [A]ct, ***an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of the paragraph***.
>
> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, ***an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph***.

*Id*. (citing 77 P.S. §511.3, Historical and Statutory Notes (emphasis added)). Because, in *Rose Corp.*, this Court explained that "where a statute alters substantive rights, the rights may be applied retroactively only if there is a clear legislative intent to do so[,]" and Section 3(1) and 3(2) clearly evidences the General Assembly's intent to apply Act 111 retroactively, Employer contends that Claimant's arguments are meritless. *Id*. at 19. Additionally, Employer summarily rejects Claimant's contention "that retroactive application of Act 111 to injuries before its effective date violates Due Process and Due Course/Remedies Clauses of the United States and Pennsylvania Constitutions." *Id*. at 20 (citing *DiPaolo*, 278 A.3d at 435-436) (holding that there is no right to ongoing disability status, such that Act 111 does not abrogate or impair a vested right, and the law did not revert to its "pre-Act 57 status")); *Pierson*, 252 A.3d at 1179.

11

At the risk of redundancy, we have previously held the retroactive application of Act 111 does not violate the Remedies Clause of the Pennsylvania Constitution, because no vested right exists by which Act 111 may abrogate or impair. In *Pierson*, 252 A.3d at 1179, this Court considered the argument now advanced by Claimant and noted:

> We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole-body impairment of less than 35%, after receiving 104 weeks of [temporary total disability] benefits.

Thus, Employer's reliance on *Rose Corp.*, 238 A.3d at 561-562, is similarly well placed, because Section 3(1) and 3(2) of Act 111 clearly expresses the General Assembly's intent to credit employers for weeks of compensation paid prior to Act 111's enactment. Despite Claimant's request that we revisit this issue, we discern no error in the decisions discussed above and decline to do so.

Regarding the third issue, Claimant argues that Act 111 violates the non-delegation doctrine.[10] Petitioner's Brief at 60. Essentially, Claimant contends that where "*Protz* [*II*] held that the original IRE provision violated the non-delegation principle by assigning 'broad and unbridled' authority to the [AMA,]" the General Assembly has failed to rectify this violation by "[m]erely replacing the phrase 'most recent edition' of the AMA Guides with '6th edition[.]'" *Id.* at 61-62.

_____

[10] Article II, section 1 of the Pennsylvania Constitution provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, §1.

"Like its predecessor, Act 111 still constrains an evaluating physician to follow the methodology that the AMA has developed," and the General Assembly still does not have influence over "basic policy choices." *Id*. at 62. Employer responds that this Court has already squarely addressed the issue of Act 111's constitutionality in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), finding that Act 111 did not violate the non-delegation clause. Respondent's Brief at 17.

Indeed, therein, we found that the General Assembly "exercise[ed] its legislative and policy making authority by deciding [the AMA Guides Sixth Edition, second printing, would be] those particular standards [which would become] the law of the Commonwealth[,]" such that the General Assembly adopted the standards as its own and did not delegate their legislative authority. *Pennsylvania AFL-CIO*, 219 A.3d at 316. Similarly, we rejected the claim that Section 306(a.3) does not sufficiently restrain or guide IRE physicians by noting this provision clearly operates within the workers' compensation administrative framework. *Id*. at 317. Therefore, Claimant's final argument is also without merit.

To conclude, Claimant has failed to implicate a novel issue for our review. In applying our precedent regarding these issues, it is clear that the WCJ did not err in finding that Claimant was entitled to the reinstatement of his benefits only as of the date of his Reinstatement Petition.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Bellamy,      :
            :
      Petitioner :
            :
     v.      : No. 109 C.D. 2023
            :
City of Philadelphia (Workers'  :
Compensation Appeal Board),  :
            :
      Respondent :

# **O R D E R**

AND NOW, this 22nd day of July, 2024, the January 13, 2023 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge